UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY BELL, )<br>  )<br>    Plaintiff, )<br>  )<br>v. )<br>  )<br>JOHN E. POTTER, In His )<br>Capacity as Postmaster )<br>General of the United )<br>States of America, )<br>  )<br>    Defendant. )<br>  ) | C.A. No. 05-11485-RWZ |

## **ANSWER**

1.   The allegations contained in Paragraph 1 of the Complaint constitute conclusions of law as to which no response is required.  To the extent the Paragraph may be construed to contain factual allegations, they are denied.

2.   The allegations contained in Paragraph 2 of the Complaint constitute conclusions of law as to which no response is required.  To the extent the Paragraph may be construed to contain factual allegations, they are denied.

3.   Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.   As for the allegations contained in Paragraph 4 of the Complaint, Defendant avers that the Postal Service is an independent establishment of the executive branch.  Defendant admits the remaining allegations.

5.   The allegations contained in Paragraph 5 of the Complaint constitute conclusions of law as to which no response

is required.  To the extent the Paragraph may be construed to contain factual allegations, they are denied.

      6.   As for the allegations contained in Paragraph 6 of the Complaint, Defendant avers that the Postal Service issued a Notice of Final Decision on or about April 21, 2005, which set forth Plaintiff's right to file a civil action.  The remaining allegations are denied.

      7.   As for the allegations contained in Paragraph 7 of the Complaint, Defendant avers that Plaintiff entered on duty on July 20, 1988 and was assigned to 25 Dorchester Avenue, Boston as a Distribution Clerk.

      8.   Defendant admits the allegations contained in Paragraph 8 of the Complaint.

      9.   Defendant admits the allegations contained in Paragraph 9 of the Complaint.

      10.  As for the allegations contained in Paragraph 10 of the Complaint, Defendant admits that on December 12, 2000, due to a job related injury, Plaintiff was offered a position within her medical restrictions at a postal facility at 200 Smith Street, Waltham, MA, which she accepted on December 28, 2000.  The remaining allegations are denied.

      11.  Defendant denies the allegations contained in Paragraph 11 of the Complaint.

      12.  There is not a Paragraph 12.

      13.  Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. As for the allegations contained in Paragraph 16 of the Complaint, Defendant avers that Plaintiff filed an administrative EEO complaint on or about June 8, 2001, as to which the Postal Service issued a Notice of Final Decision on April 21, 2005 finding no discrimination. The remaining allegations are denied.

17. As for the allegations contained in Paragraph 17 of the Complaint, Defendant avers that it directed Plaintiff to attend a psychiatric fitness for duty examination on August 6, 2001. The remaining allegations are denied.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant incorporates his responses to Paragraphs 1-19 of the Complaint as his response to Paragraph 20 of the Complaint.

21. The allegations contained in Paragraph 21 of the Complaint constitute conclusions of law to which no response is required. To the extent the Paragraph may be construed to contain factual allegations, they are denied.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.  Defendant incorporates his responses to Paragraphs 1-22 of the Complaint as his response to Paragraph 23 of the Complaint.

24.  The allegations contained in Paragraph 24 of the Complaint constitute conclusions of law to which no response is required.  To the extent the Paragraph may be construed to contain factual allegations, they are denied.

25.  Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.  Defendant incorporates his responses to Paragraphs 1-25 of the Complaint as his response to Paragraph 26 of the Complaint.

27.  The allegations contained in Paragraph 27 of the Complaint constitute conclusions of law to which no response is required.  To the extent the Paragraph may be construed to contain factual allegations, they are denied.

28.  Defendant denies the allegations contained in Paragraph 28 of the Complaint.

All remaining allegations not otherwise admitted, are denied.

### **AFFIRMATIVE DEFENSES**

1.  As a matter of law, the Plaintiff is not entitled to recover punitive damages against the Defendant.

2.  Plaintiff fails to state claims upon which relief may be granted.

                                            For the Defendant,

                                            MICHAEL J. SULLIVAN,
                                            United States Attorney

                                            /s/Rayford A. Farquhar
                                            RAYFORD A. FARQUHAR
                                            Assistant U.S. Attorney
                                            1 Courthouse, Suite 9200
                                            Boston, MA  02210
                                            (617) 748-3284

**CERTIFICATE OF SERVICE**

Suffolk,  ss.                         Boston, Massachusetts
                                       November 10, 2005

    I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing upon counsel of record, James E. Small, Jr., P.O. Box 190024, Roxbury, MA 02119.

                                            /s/Rayford A. Farquhar
                                            Rayford A. Farquhar
                                            Assistant U.S. Attorney