```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| CANDY BELL,                    )<br>                                )<br>    Plaintiff,                 )<br>                                )<br>v.                              )<br>                                )     C.A. No. 05-11485-RWZ<br>JOHN E. POTTER, In His         )<br>Capacity as Postmaster         )<br>General of the United          )<br>States of America,             )<br>                                )<br>    Defendant.                  )<br>                                ) | |

**MOTION TO COMPEL RESPONSES AND ANSWERS TO DISCOVERY
PROPOUNDED BY THE DEFENDANT ON OCTOBER 6, 2006**

The defendant, John E. Potter, Postmaster General of the United States, by and through his Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, herein moves this Court to compel the plaintiff to respond and answer certain discovery propounded by the defendant. As grounds for this Motion the defendant herein relies upon the following:

**BACKGROUND**

On October 12, 2006 this office served the defendant's Request for Production of Documents and Interrogatories in the above referenced case. Under the Federal Rules of Civil Procedure, Responses and Answers were due in my office no later than November 27, 2006. The defendant commenced the plaintiff's deposition on October 13, 2006. During the deposition, the defendant contends that the plaintiff alleged damages not present in her complaint. The defendant suspended the deposition of the

plaintiff, and the defendant demanded responses to certain outstanding discovery prior to concluding the plaintiff's deposition.

On March 29, 2007 counsel for the defendant and the plaintiff conducted a Local Rule 37.1 telephone conference to discuss when the plaintiff would produce her Answers to Interrogatories and Responses to Request for Production of Documents.  On April 3, 2007 counsel for the defendant received the plaintiff's partial answers to Interrogatories and partial responses to Request for Production of Documents.  The defendant further contends that some of the plaintiff's Answers and Responses were either deficient or non-responsive.

On April 5, 2007 the defendant sent a Local Rule 37.1 letter to counsel for the plaintiff seeking the responses to certain discovery requests propounded by the defendant.

On June 20, 2007 the plaintiff provided the defendant with a signed medical release form and an amended tax return for year 2003 and a tax return for 2005.  Much of the information that was requested was not answered by the plaintiff.

Pursuant to Local Rule 37.1(A), the defendant is seeking Answers and Responses to the defendant's written discovery.  The defendant's reasons are as follows:

## II.  ARGUMENT

**Request No. 3:**

Produce all income tax returns, both state and federal, from 2000 to the present.

**Response No. 3:**

Plaintiff shall produce the documents requested in this request.

**Basis for Defendant's Motion to Compel**

The defendant originally propounded discovery upon the plaintiff on October 12, 2006.  April 12, 2007 will mark six months that the plaintiff has failed to provide her tax returns.  The defendant requires this information to assess alleged damages, if any.

**Plaintiff's Supplemental Response**

The plaintiff produced an amended tax return for year 2003 and a tax return for year 2006.

****

**Request No. 4:**

Produce all audio or video tapes, calendars, diaries, journals, notes and/or any documents that reflect in any way the events that took place which are the subject of this litigation or which are in any way related to the allegations in this case.

**Response No. 4:**

Plaintiff objects to this request on the ground that it is overly broad in time and scope. In addition, this request is incapable of an accurate response in that all the documents sought are not identifiable. Defendant further objects to the extent that defendant is seeking documents that are protected from disclosure by privilege.

**Basis for Defendant's Motion to Compel**

The defendant contends that this information is relevant given that the plaintiff is alleging emotional distress damages. If the plaintiff keeps a diary, journal or some other written log book that reflects her alleged emotional distress damages, or any other alleged discriminatory event that she experienced, the defendant is entitled to this information through discovery.

****

**Request No. 5:**

Produce all documents pertaining to any treatment for psychological issues, psychiatric issues, mental issues, marital issues, issues of emotional distress, and/or issues of depression.

**Plaintiff's Response No. 5:**

Plaintiff objects to this request on the ground that it is overly broad in time and scope. In addition, this request is

incapable of an accurate response in that all the documents sought are not identifiable. Plaintiff further objects to the extent that defendant is seeking documents that are protected from disclosure by privilege.

**Basis for Defendant's Motion to Compel**

The defendant contends that this information is relevant given that the plaintiff is alleging emotional distress damages. If the plaintiff retains any information regarding her alleged emotional distress damages, or any other alleged discriminatory event that she experienced, the defendant is entitled to this information through discovery.

**INTERROGATORIES**

**Interrogatory No. 4:**

From 1988 to the present, if you have ever been treated by a counselor, therapist or medical professional for any mental, emotional, marital, psychological or psychiatric issues (including but not limited to stress, emotional distress and/or depression), state the name and address of each counselor, therapist or medical professional, the dates of each treatment or visit, the reason for the treatment received, including but not limited to any medications prescribed.

**Answer No. 4:**

    a)    Jerline Dixson, Simco Plaza, Blue Hill Avenue, Boston, MA;

    b)    Christine Dodon Heart Center, Martin Luther King Blvd., Boston, MA;

    c)    Cynthia Carter;

    d)    Sandra Range; and

    e)    Dr. Andrews.

**Basis for Defendant's Motion to Compel**

The plaintiff has failed to state the reason for her visit to these doctors and whether any medications were prescribed.

**ARGUMENT**

The defendant contends that the plaintiff has failed to abide with the Court approved Status Report that was filed on May 30, 2007. In the Status Report to the Court, the plaintiff agreed to answer and respond to all discovery by no later than June 8, 2007. To date, as stated above, the plaintiff has failed to answer and respond to the discovery posed by the defendant, and Ordered to be answered by the Court.

The defendant is seeking that this Court order the plaintiff to immediately answer and respond to this discovery within 5 days of this Court's Order.

WHEREFORE, the defendant moves this Court to compel the plaintiff to respond and answer certain discovery of the defendant propounded on October 12, 2006 within 5 days of this Court's Order.

Respectfully submitted,

JOHN E. POTTER,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

By his Attorneys,

MICHAEL J. SULLIVAN
United States Attorney


/s/ Rayford A. Farquhar
Rayford A. Farquhar
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
(617) 748-3284

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 27, 2007.

/s/ Rayford A. Farquhar
Rayford A. Farquhar

LOCAL RULE 7.1 CERTIFICATION

I, Rayford A. Farquhar, Assistant United States Attorney, do hereby state that on diverse dates I spoke with Attorney James E. Small concerning this Motion to Compel production of discovery.

/s/ Rayford A. Farquhar
Rayford A. Farquhar
Assistant U.S. Attorney
