UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
COMMONWEALTH OF MASSACHUSETTS
C.A. No. 05-11485

FILED IN CLERKS OFFICE
2007 SEP -5 A 9:53
U.S. DISTRICT COURT
DISTRICT OF MASS.

CANDY BELL
(Plaintiff)

v

JOHN E. POTTER, In his Capacity as Postmaster
General of the United States of America
(Defendant)

**PLAINTIFF'S MOTION IN OPPOSITION TO MOTION TO DISMISS**

**Background**

The instant complaint was filed on or about July 14 of 2005. There was an initial meeting with the court and the parties. At that time a discovery schedule was established that provided that all discovery was to be completed by November 2006 and that all dispositive motions would be filed before December 15, 2006.

Plaintiff filed discovery request that were answered by defendant. Defendant did not file discovery requests. In September of 2006 a deposition was noted by defendant for plaintiff, Candy Bell. The deposition commenced on or about October 12, 2006. During the course of the deposition defendant requested a suspension to give him an opportunity to serve interrogatories and request for documents. Plaintiff agreed.

Defendant submitted requests for production of documents. Plaintiff responded in a timely and prompt fashion. Defendant objected to several responses

including the responses contained within the motion to compel. These events occurred in October and November of 2006.

There was no activity on the matter from early October until the spring of 2007. At that time the court contacted the parties and requested an update with respect to the progress of the case.

Counsel for defendant and plaintiff conferred and agreed to extend the period for filing of dispositive motions until August 31, 2007. During this same conversation plaintiff agreed to respond to certain discovery request that had been the subject of prior objections. The agreement included:

       Request 3                 Tax Returns

Produce all income tax returns both state and federal from 2000 to the present.

Counsel produced all tax returns provided by client for the relevant time period. Counsel declined to prepare returns in response to the request as it would have been prepared in anticipation of litigation. The suggestion that plaintiff utterly failed to respond to this request is not accurate. The response is limited, however to documents that were actually produced by the client and that existed at the time of the request.

       Request 4                 Calendars and diaries

Produce all audio or video tapes, calendars, dairies, journals, notes and or any documents that reflect in any way the events that took place which are the subject of this litigation or which in any way relate to the allegations in this case.

During the Rule 37.1(A) conference I stated there were no documents that fit this category.

    Request 5       Documents pertaining to medical treatment

Produce all documents pertaining to any treatment for psychological issues, psychiatric issues, mental issues, marital issues, issues of emotional distress and or issues of depression.

During the conference, I agreed to provide this information. Counsel for defendant indicated he would be willing to accept a medical release and that he could compile the data on his own. I agreed to provide the release and I did provide the release in April of 2007.

    Interrogatory number   Name of physicians

From 1988 to the present, if you have ever been treated by a counsellor, therapist or medical professional for any mental, emotional, marital, psychological or psychiatric issues (including but not limited to stress, emotional distress and/or

depression), state the name and address oaf each counsellor, therapist or medical professional, the dates of each treatment or visit, the reason for the treatment received, including but not limited to any medications prescribed.

During the conference I invoked 33© and indicated since defence counsel had the release he could compile the information.

The April inquiry from the court caused the parties to re-examine their posture to respond in a meaningful way to the court. Plaintiff's counsel withdrew all objections related to the above items. The responses were made and the releases hand delivered to defense counsel to insure compliance with the court order.

I misapprehended the electronic entry that contained the motion to compel because I had already produced the items requested in April. (I am not as proficient with the Pacer System as I should be and I did not appreciate the need to respond to this matter where I had previously submitted a prior response.) Indeed, once the Rule 37.1A conference was conducted, the discovery logjam was removed, the items requested were provided and I was unaware of discovery issues.

My failure to respond to this motion to compel is excusable because I thought this issue was settled and I was awaiting dispositive motions.

## CONCLUSION

On the facts and circumstances of this case, it would be not be equitable to dismiss plaintiff's claim due to the reasons cited by defendant.

Respectfully submitted,

*[signature]*

James E. Small, Jr.
P.O. Box 190024
Roxbury, Massachusetts 02119
(617) 427-3147

## CERTIFICATE OF SERVICE

I, James E. Small, Jr. do hereby state that I served a copy of the enclosed response, by first class mail, on:

Rayford A. Farquar
Assistant U.S. Attorney
1 Courthouse Way Suite 9200
Boston Massachusetts 02210

*[signature]*

James E. Small, Jr.