UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
COMMONWEALTH OF MASSACHUSETTS
C.A. No. 05-11485

FILED
IN CLERKS OFFICE
2007 OCT -1  P 1: 31
U.S. DISTRICT COURT
DISTRICT OF MASS.

CANDY BELL
(Plaintiff)

v

JOHN E. POTTER, In his Capacity as Postmaster
General of the United States of America
(Defendants)

MOTION IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT

i.)   Introduction

Rule 56© of the Federal Rules of Civil Procedure provides that summary judgment " shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.

Facts are material if they could affect the outcome of the suit under the governing substantive law. *Anderson v Liberty Lobby Inc.*, 477 U. S. 242, 248 (1986). The court must view the facts in the light most favorable to the non-moving party and must draw all justifiable inferences in favor of the non moving party. At the summary judgment stage the court is not to weigh the evidence or make credibility determinations.

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings,

1

believed demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v Cartett*, 477 U. S. 317, 323 (1986); *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

Defendant has failed to comply with the initial requirement of Rule 56© as it has not produced a summary judgment record sufficient to demonstrate the absence of a genuine issue of material fact. The Rule authorizes certain categories of evidence that may be considered in connection with the summary judgment record. In this case defendant may only rely upon the pleadings to establish the absence of a genuine issue of material fact. Stated differently, there are no admissions on file; there are no answers to interrogatories offered by defendant; the deposition offered by defendant is fatally flawed and may not be considered as a part of the record; there are no sworn affidavits and the various submittals have not been presented in a fashion acceptable in evidence and hence barred from consideration as a part of the summary judgment record.[1] There are

---

[1] Defendant has submitted many documents that arguably are business record e.g. the requests for fitness of for duty correspondences. These items are hearsay. Further, the summary judgment record does not contain any attempt to avoid the rule against hearsay by showing or perfecting an exception to the Rule.. There are no affidavits from keepers of the record or others who could authenticate the fact the document are maintained as a record and to show the basis for the guarantees of trustworthiness. Although plaintiff does not object to all submittals that are technically hearsay or inadmissible on other grounds, it is noted that defendants submittals are problematic.

Summary judgment is a potentially dispositive proceeding. The evidence presented, accepted and considered may not be lightly regarded. An exegesis of defendants exhibits/submittals demonstrate that some may not be included within the summary judgment record as presented:

| | |
|---|---|
| Exhibit 1 | No objection, although material is irrelevant and immaterial |
| Exhibit 2 | No objection |
| Exhibit 3 | Objection, documents are irrelevant and immaterial documents that are hearsay without presentation of a qualified exception to the Rule against hearsay. This objection applies to letters to and from individuals other than Ms. Bell |
| Exhibit 4 | No objection |
| Exhibit 5 | No objection |
| Exhibit 6 | No objection although document is incomplete |
| Exhibit 7 | No objection to information relative to pre-complaint |

numerous concerns with respect to defendant's initial presentation under Rule 56. Many relate to hearsay matters that may not be accepted because proponent, defendant, has not offered an exception to the Rule. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Federal Rule of Evidence 801©. Hearsay evidence is not admissible at trial (Fed. Rule of Evidence 802) or for summary judgment purposes. Vazquez v Lopez-Rosariao 134 F. 3d 28, 33 (1st Cir. 1998), unless it falls within an exception. The federal court may exclude evidence under Rule 430 at the summary judgment stage. It is acknowledged, however, that the court has discretion to consider hearsay subject to an abuse of discretion standard. However, plaintiff notes the finding of the EEOC is different than correspondences as they contain factual findings that are to be determined by a judicial fact finder. In addition to its hearsay character, the findings of the EEOC usurp the essential and ultimate function of the judicial fact finder. This document should not have been submitted and the court should strike it from the record. (In the event the court is inclined to accept this document within the summary judgment record, plaintiff states the document contains other flaws that will be analyzed infra.) In

|  |  |
|---|---|
|  | counseling. Plaintiff notes however that this document is incomplete as the document suggest there are 13 pages where only 4 are submitted. |
| Exhibit 8 | No objection |
| Exhibit 9 | Objection, document is irrelevant, immaterial hearsay without presentation of a qualified exception to the Rule. |
| Exhibit 10 | No objection |
| Exhibit 11 | No objection. Failure to follow protocol as required attachments are absence and document is incomplete |
| Exhibit 12 | Plaintiff does not object to the category of evidence however there is an objection as the document is incomplete. |
| Exhibit 13 | Objection , plaintiff was not provided an exhibit 13. |
| Exhibit 14 | Objection, finding is inadmissible. |
| Exhibit 15 | No objection |
| Exhibit 16 | Objection, deposition suspended plaintiff not granted an opportunity to examine witness |

addition, plaintiff has ignored the business record exception to the Rule against hearsay. There are no certifications, no affidavits and no other showing of authenticity. Also, certain of the business records appear to be incomplete as defendant at several exhibits does not submit complete documents.

As indicated, the moving party has the initial burden of showing the court by reference to the materials on file the basis for the motion. In this case, there are few materials that may be relied upon by the court. If the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways. First, by showing that the non-moving party will not be able to show an essential element of its case; or, by showing that there is no evidence to prove a fact necessary to the non-movant's case.

Defendant's motion for summary judgment should be denied because in his initial presentation he has failed, as a matter of law, to present sufficient evidence that demonstrates defendant is entitled to judgment as a matter of law. That is defendant has failed to show that an element of plaintiff's case cannot be proved or that there is no evidence on to prove a necessary fact.

Prior to the court's evaluation of the non-moving party's response in opposition top the motion for summary judgment, it must first consider whether the movant has met its initial burden of showing that there are genuine issues of material fact and that it is entitled to judgment as a matter of law.

ii) Hostile Work Environment

Should the court determine that the defendant's initial presentation is proper, i.e. that the facts alleged demonstrates that an element of plaintiff's case cannot be proved, or

that the plaintiff does not have evidence to present affirmative evidence, setting forth specific facts to show the existence of a genuine issue for trial. *Celotex Corp.* 477 U.S. at 322-323. Anderson 477 U,S. at 255. The court must review the record taken as a whole. *Reeves v Sanderson Plumbing Products, Inc.* 530 U.S. 133 (2000). All evidence must be construed in the light most favorable to Ms. Bell without weighing the evidence, assessing its probative value or resolving any factual dispute. The evidence of Ms Bell is to be believed and all justifiable inferences are to drawn in her favor.

Ms. Bell has presented evidence that demonstrates she was subject to a hostile work environment. To prove a claim of hostile work environment a plaintiff must establish: 1) she is a member of a protected class; 2) that she is subject to un-welcomed comments and ridicule; 3) that the comments are severe and pervasive 4) that the terms and conditions of her employment are materially altered 5) that the harassment must create an environment "objectively and subjectively offensive. Defendant has suggested that plaintiff has failed to show a prima facia case of hostile work environment.

Defendant maintains Ms. Bell has failed to establish a prima facie case of hostile work environment vis-à-vis race and that the admitted episodes of gender discrimination are not severe or pervasive enough to warrant a finding of hostile work environment.

Plaintiff, at exhibit 7, relates the fact that there were comments relative to the way she smelled. "Comments also were made like "cant't you smell her from here. Which in my original complaint several people made comments like stinking black bitch." This information contained within the so called information for pre-complaint counseling established the fact that comments related to Ms. Bells smell related to race as well. These comments, and the reasonableness and rational inferences that may flow from

them, indicates there is a racial component associated with the notion of stinking . Defendant does not acknowledge the race based statement contained within the pre-counseling complaint; nor does he seek to show it is an improbable inference that stinking relates to black or that black bitch relates to race and color. Defendant has elected to ignore this factual statement and consequently does not treat it as salient. . There are no countervailing facts or inferences that may be drawn from this evidence that was ignored. Ms. Bell has adequately presented facts on the issue of race and color. Defendant cannot simply ignore record evidence and declare the evidence does not exist.

The sex/gender related comments alleged by Ms. Bell, e.g. "homo." "queer," "lezzie," and "dike" are well beyond those comments and statements that are merely rude, offensive or words designed to ostracize Ms. Bell. These words are powerful, well seasoned comments that are peculiarly designed to rob Ms. Bell of a component of her dignity as related to gender. These words have absolutely no redeeming value in contemporary dialogue. These words are invectives that are intended to discriminate against Ms. Bell.

Defendant's effort to minimize these phrases and to assert that words and phrases of this *genre* are not severe just does not withstand analysis. Defendant has failed to show that a properly convened and instructed jury would not regard these terms as sufficiently severe discriminatory phrases in the work place. That is the statements are material. There are no cases offered by Potter that show the cited phrases or terms "homo," "queer," "lezzie," and "dike" are treated as appropriate terms in the work place. *A fortiori*, Potter cannot present a case where these terms are held to be non-

discriminating or non- threatening in the work place as a matter of law. (See exhibits 7, exhibit 10 and exhibit 12).

Frequency is an issue of fact. The terms, "homo," "queer," "lezzie," and "dike," if stated once is sufficient to present the matter to a jury on the issue of frequency. The five times noted in paragraph 10 of the statement of material facts qualify as frequent:

    a. January 13, 2001    good job gay
    b. March 12, 2001    whose the dike
    c. March 25, 2001    hay gay
    d. March 28, 2001    let's give gay an earful…
        some women gay and varies positions.
    e. April 4, 2001    there is a lot of gays in here"

Defendant has not shown as a matter of law that the frequency of these comments are not pervasive. The evidence offered is silent with respect to the quantum of statements necessary to show pervasive. Here the evidence of over 5 disgusting comments over the course of 4 months does not show that defendant is entitled to judgment as a matter of law.

At exhibit 7 in the narrative portion of the information for pre-complaint counseling Ms. Bell states:

When passing automation and various areas I would hear "lezzy, sucker, queer, homo comments were also made like can't you smell her from here. Which in my original complaint several people made comments like stinking black bitch. These comments are severe and relate to Ms. Bells race (can't you smell her /stinking black bitch) and the gender lezzy, sucker, homo, queer. These comments are direct and ridicule

7

Ms Bell in two dimensions. The comments are harassment, they are severe, material and altered the conditions of Ms. Bell's employment.

In *National Railroad Passenger Corporation v Morgan*, 536 U.S. 101 (2002) the Court held that consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period is permissible for the purpose of assessing liability, so long as every act contributing to that hostile work environment is comprised of a series of separate acts that collectively constitute one lawful employment practice. Thus, provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by the court for purposes of determining liability. Morgan, U.S. , 122 S. Ct. 2074. Defendant has failed to show that the Rule of Morgan does not apply in the summary judgment motion *sub judice*. Under Morgan the 300 days that preceded the complaint the filing of the complaint are relevant for purposes of hostile environment analysis, this period is not treated in the analytical framework defendant calls upon the court to adopt.

The items specified in the EEO affidavit including the prefatory statements are severe frequent and extreme. It is beyond dispute that the comments related to homo queer, black stinking bitch are terms that are extreme and that they are rarely spoken in dignified society. The dates are frequent. It is unrealistic to suggest that these statements are merely rude. These comments are disgusting and it is difficult to understand defendant's posture that terms of this nature are to be regarded as "isolated teasing and offensive utterances." These comments are not acceptable in contemporary dialogue— even if the dialogue occurs in the work place.

Defendant has failed to show, as a matter of law, that the incidents of harassment were innocuous encounters. The record evidence show a long standing pattern of harassment that commenced with managements desire to reduce her compensation or terminate her employment benefits because she followed medical advice. The harassment continued as management allowed her co-workers to ridicule and embarrass her as a result of gender and race at he employment location. The totality of the conditions and conduct of defendant is so offensive as to alter the conditions of Ms. Bell's conditions of employment.

iii)     Retaliation

It is clear that Ms. Bell had engaged in prior protected activity. (Exhibit 2 Defendant knew of Ms. Bell's prior involvement in protected activity. (Exhibits 7, 10, 12, Bates Stamp pp. 19, 25, 27, 37-39) The statement of co-worker Aeja Areyzaga suggest that the employees and management had banned to discuss the situation presented by Ms. Bell. The comments attributed to Nick Constatino at Bates Stamp 37-39 coupled with the statements of management raise genuine and material issue of fact with respect to retaliation.

Te establish a prima facie case of retaliation a plaintiff must prove she engaged in protected activity; an adverse employment action; and a causal link between the protected and the adverse employment action.

There were several adverse employment actions faced by Ms. Bell. First the manner and means whereby her complaints were treated by her immediate managers. Essentially, the managers investigated Ms. Bell's actions rather than the actions of the co-

9

workers alleged to have discriminated against her. Ms. Bell was watched closely as the investigation of her proceeded. (Bates Stamp 17, 25-30 and 40.) She was required to compile and present matters to management that should have been compiled without her assistance. This compilation of data undermined her good will with other employees at the facility. Fellow employees were informed that she was a trouble maker and that they should guard against her initiating frivolous suits. The best demonstration of management's treatment of Ms. Bell's complaints is the repeated determinations that she was not credible. Aside from the fact that issues of credibility, in this context, are not left to those who are the subject of complaint, there is no mention of what the investigations entailed, when they were done and other matters critical to management's input. Instead, management crystallized the negative will against Ms. Bell by informing everyone she was problematic. This is a change in one's term of employment.

The fitness for duty evaluation is a technique used to intimidate Ms. Bell and as a precursor to termination. Individually and collectively the correspondences of Walter McCoy ( exhibit 3, exhibit 9 Bates Stamp 31) and Frank J. Manganaro ( exhibit 9, Bates Stamp 32, Bates Stamp 33-35) do not support the alleged need of the Postal Service to make a management decision to assess the plaintiff's fitness for duty in order to resolve the issue of whether plaintiff should remain on limited duty status and how best to meet her work condition needs." There is an issue of fact as to whether the reasons presented in defendant's motion for summary judgment are consistent with the reasons articulated in the various correspondences. Notwithstanding the lack of congruity among the correspondences and the various articulations in the motion for summary judgment.

Defendant's true intentions are betrayed where when Ms. Bell is found fit for duty (Bates Stamp 36), defendant continues to advocate for her termination, dismissal or other adverse job action. Frank J. Manganaro, continued to press the medical officer once Ms. Bell was found to be fit. (Bates Stamp 40). There is no legitimate reason for the further requests on the part of Frank J. Manganaro.

Defendant suggest that there is no causal connection between the EEO activity and the alleged discriminatory events. This is a tortured view of the circumstance as at all times relevant to this complaint, there was EEO activity on going. Defendant has failed to provide a date or time when the prior EEO activity terminated. Indeed it is true that the activity referenced resulted in court activity that did not conclude until 2002. Temporal proximity may support a finding of retaliation. An inference of causal connection becomes more tenuous with the passage of time. In this case however, there was always EEO activity and the relevance of temporal proximity is diminished to the point of irrelevancy. Certainly, temporal proximity, as argued by defendant, is insufficient as a matter of law to support a summary judgment finding against Ms. Bell.

    iv)    Conclusion

Wherefore plaintiff request that defendant's motion for summary judgment be denied.

Respectfully submitted,

James E. Small, Jr.
P. O. Box 190024
Roxbury, Massachusetts 02119
617) 427- 3147
BBO 467220

12/1/07

11

## CERTIFICATE OF SERVICE

I James E. Small, Jr. do hereby certify that on October 1, 2007 I caused to be delivered first class mail, postage pre-paid a true and correct copy of the foregoing defendants:

        Rayford A. Farquar
        Assistant U.S. Attorney
        1 Courthouse Way Suite 9200
        Boston Massachusetts 02210

*[signature]*
10/1/07