UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
COMMONWEALTH OF MASSACHUSETTS
C.A. No. 05-11485

FILED IN CLERKS OFFICE
2007 OCT -1  P 1:31
U.S. DISTRICT COURT
DISTRICT OF MASS.

CANDY BELL
(Plaintiff)

v

JOHN E. POTTER, In his Capacity as Postmaster
General of the United states of America
(Defendants)

OBJECTION TO STATEMENT OF FACTS
PURSUANT TO LOCAL RULE 56.1

Now comes plaintiff, Candy Bell, and respectfully submits the following as her objections to defendant's statement of facts.

1. Plaintiff objects to the statements contained within paragraph 1, As grounds counsel for plaintiff states that while the facts contained within statement number one are or maybe true, they are irrelevant, immaterial and incompetent evidence in connection with the instant complaint. The information contained with in the paragraph is stale and falls well without the statutory time frame specified by Title VII and other relevant statutes. Further, to the extent the data has any probative worth, the introduction of the matters contained are barred by the doctrines of claim preclusion and/or issue preclusion as there has been an action that has considered matters contained

within this paragraph. (See defendant's exhibit 2). Plaintiff admits there she previously engaged in the EEO administrative proceedings and that she has filed a Civil Complaint in the Federal District Court.

2. Defendant denies the averments contained within this paragraph as the several correspondences were not designed to return plaintiff to work but to eliminate her ability to assert her rights under law and policy. The letters referenced in exhibit 2 each offered Ms. Bell a position in a facility that was determined not to be appropriate for her under the circumstances. In her March 31 2000 letter, Dianne C. Valentine, Human Resources Specialist Injury Compensation Control Office, notified Ms. Bell that "We are therefore offering you duties at PL 431(PrimaryUnit). General Mail Facility, 25, Dorchester Avenue, Boston, MA, 02205. [At this point in time it had been recommended that Ms. Bell work at a facility other than the one specified. See    ] Craig Mello, a claims Examiner notified Ms. Bell that she was required by law to accept the position specified in Ms. Valentine's letter.( See Mello letter to Candy Bell dated May 25, 20000 Walther f. McCoy, in a July 13, 2000 letter seeks an immediate suspension of compensation and the implementation of formal termination of all benefits to claimant Candy Bell.

This series of letter were sent and advocated although Ms. Bell's return to work was based on medical evidence from Christine Caines- Dodson that indicated it would be beneficial for Ms. Bell to return to work in late January 2000. However, the place should not be the same location (General Mail Facility) as where previously employed. Although defendant did not

challenge the findings of Ms. Dodson, the series of letter disregarded this medical recommendation. On May 24, 2000 updated medical evidence indicated that Ms. Bell " cannot work in the GMF on 25 Dorchester Avenue, Boston. She needs to be placed in a another location with the restrictions noted on the reverse side of the letter from Diane Valentine to Craig Mello, dated June 9, 2000. (See, defendant's exhibit 3) In this regard, when Ms. Bell was offered a suitable employment location she accepted. (See, defendant's exhibits 4 and 5)

3. Plaintiff admits the averments contained within this paragraph.
4. Plaintiff admits the averments contained within this paragraph.
5. Plaintiff admits she completed a form for EEO investigation. The form is dated February 23, 2001 and the authorization is signed January 23, 2001. Plaintiff does not have sufficient knowledge to when the complaint was received.
6. Plaintiff admits a letter was submitted to Diane Valentine. This correspondence speaks for itself.
7. Plaintiff denies the averment contained within this paragraph. The letter from McCoy is not an innocuous letter that seeks to evaluate the employability of Ms. Bell. This correspondence is an *ex parte* presentation of evidence against Ms. Bell and the bona fides of her therapist. The letter is submitted as an imprimatur for the office of workers compensation programs to find against the interests of Ms. Bell. The nature of the presentation and the intent of the

Case 1:05-cv-11485-RWZ    Document 17    Filed 10/01/2007    Page 4 of 5

letter is not to determine the feasibility of Ms. Bells return to full time work as it is a precursor to her termination.

8. Plaintiff denies this averment. On June 8, 2001 Ms. Bell filed an EEO complaint of discrimination with respect to the Postal Service.

9. Plaintiff admits Frank J. Manganaro requested that Richard P. Zimon, M.D. perform a fitness for duty evaluation. The exhibit does not contain the results of the fitness for duty examination which found that Ms Bell was fit for duty.

10. Plaintiff admits the averments contained within this paragraph.

11. Plaintiff admits the averments contained within this paragraph.

12. Plaintiff admits the averments contained within this paragraph.

13. Plaintiff admits the averments contained within this paragraph.

14. Plaintiff admits a deposition was commenced of Ms. Bell by defendant's counsel on or about October 10, 2006. However, as the deposition progressed counsel for defendant, *sua sponte*, suspended the deposition to allow him to prepare and serve interrogatories and productions of documents. The deposition was never resumed, Defendant did not conclude his examination and plaintiff's counsel was never granted an opportunity to inquire. In this posture, the contents of the deposition are not properly included within the summary judgment record.

Respectfully submitted,

James E. Small, Jr.
P. O. Box 190024
Roxbury, Massachusetts 02119
617) 427- 3147
BBO 467220

10/01/07

## CERTIFICATE OF SERVICE

I James E. Small, Jr. do hereby certify that on October 1, 2007 I caused to be delivered first class mail, postage pre-paid a true and correct copy of the foregoing defendants:

        Rayford A. Farquar
        Assistant U.S. Attorney
        1 Courthouse Way Suite 9200
        Boston Massachusetts 02210

_____
James E. Small, Jr.

10/01/07