

**U.S. Department of Justice** FILED
ERKS OFFICE

*Michael J. Sullivan* 2001 OCT -1 P 1: 31
*United States Attorney*
*District of Massachusetts*T R'CT COURT
D.STRICT OF

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 5, 2007

**By Facsimile (617) 427-8046**
**and First Class Mail**

James E. Small, Jr., Esq.
P.O. Box 190024
Roxbury, MA 02119

      Re:  Candy Bell v. John E. Potter, Postmaster General,
           United States Postal Service, C.A. No. 11485-RWZ

Dear Attorney Small:

      On October 12, 2006 this office served the defendant's
Request for Production of Documents and Interrogatories in the
above referenced case.  Under the Federal Rules of Civil
Procedure, Responses and Answers were due in my office no later
than November 27, 2006.  On October 13, 2006, following the
suspended deposition of your client, I sent a letter seeking a
signed Medical Authorization Release form from your client for
medical and/or psychiatric records.

On March 29, 2007 you and I had a L.R. 37.1 telephone conference
to discuss when the plaintiff would produce her Answers to
Interrogatories and Responses to Request for Production of
Documents.  On April 3, 2007 I received the plaintiff's Answers
and Responses.  I did not receive your client's signed Medical
Authorization Release.  The defendant further contends that some
of the plaintiff's Answers and Responses were either deficient or
non-responsive.  Given that your client has not been forthcoming
in providing any information regarding her emotional distress
claim, I am assuming your client is not pursuing emotional
distress damages.

Pursuant to Local Rule 37.1(A), I am requesting complete Answers
and Responses to the defendant's written discovery.  The
defendant's reasons are as follows:

James Small, Esq.
April 5, 2007
Page 2

## Request No. 3:

Produce all income tax returns, both state and federal, from 2000
to the present.

## Response No. 3:

Plaintiff shall produce the documents requested in this request.

## Basis for Defendant's Motion to Compel

The defendant originally propounded discovery upon the plaintiff
on October 12, 2006.  April 12, 2007 will mark six months that
the plaintiff has failed to provide her tax returns.  The
defendant requires this information to assess alleged damages, if
any.

## Request No. 4:

Produce all audio or video tapes, calendars, diaries, journals,
notes and/or any documents that reflect in any way the events
that took place which are the subject of this litigation or which
are in any way related to the allegations in this case.

## Response No. 4:

Plaintiff objects to this request on the ground that it is overly
broad in time and scope.  In addition, this request is incapable
of an accurate response in that all the documents sought are not
identifiable.  Defendant further objects to the extent that
defendant is seeking documents that are protected from disclosure
by privilege.

## Basis for Defendant's Motion to Compel

The defendant contends that this information is relevant given
that the plaintiff is alleging emotional distress damages.  If
the plaintiff keeps a diary, journal or some other written log
book that reflects her alleged emotional distress damages, or any
other alleged discriminatory event that she experienced, the
defendant is entitled to this information through discovery.

James Small, Esq.
April 5, 2007
Page 3

### Request No. 5:

Produce all documents pertaining to any treatment for
psychological issues, psychiatric issues, mental issues, marital
issues, issues of emotional distress, and/or issues of
depression.

### Response No. 5:

Plaintiff objects to this request on the ground that it is overly
broad in time and scope.  In addition, this request is incapable
of an accurate response in that all the documents sought are not
identifiable.  Defendant further objects to the extent that
defendant is seeking documents that are protected from disclosure
by privilege.

### Basis for Defendant's Motion to Compel

The defendant contends that this information is relevant given
that the plaintiff is alleging emotional distress damages.  If
the plaintiff retains any information regarding her alleged
emotional distress damages, or any other alleged discriminatory
event that she experienced, the defendant is entitled to this
information through discovery.

### INTERROGATORIES

### Interrogatory No. 4:

From 1988 to the present, if you have ever been treated by a
counselor, therapist or medical professional for any mental,
emotional, marital, psychological or psychiatric issues
(including but not limited to stress, emotional distress and/or
depression), state the name and address of each counselor,
therapist or medical professional, the dates of each treatment or
visit, the reason for the treatment received, including but not
limited to any medications prescribed.

### Answer No. 4:

   a)   Jerline Dixson, Simco Plaza, Blue Hill Avenue, Boston,
        MA;

   b)   Christine Dodon Heart Center, Martin Luther King Blvd.,
        Boston, MA;

**003**

James Small, Esq.
April 5, 2007
Page 4

     c)    Cynthia Carter;

     d)    Sandra Range; and

     e)    Dr. Andrews.

## Basis for Defendant's Motion to Compel

The plaintiff has failed to state the reason for her visit to
these doctors and whether any medications were prescribed.


Given the lack of time left to complete discovery, if the
plaintiff's Responses and Answers are not received by April 20,
2007, I will be left with no alternative but to file a Motion to
Compel.  I am once again enclosing a Medical Authorization
Release.  I intend to use this Medical Authorization to subpoena
any psychiatric records, if they exist.  This is the second time
that I am requesting your client's signature.

Thank you for your attention to this matter.

                    Very truly yours,

                    Rayford A. Farquhar
                    Assistant U.S. Attorney
                    (617) 748-3284

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
COMMONWEALTH OF MASSACHUSETTS
C.A. No. 05-11485

CANDY BELL
(Plaintiff)

v

JOHN E. POTTER, In his Capacity as Postmaster
General of the United States of America
(Defendant)

### INTERROGATORIES

Interrogatory No. 1:

   Provide your name, residential address, date of birth and social security number.

Answer: Candy Bell, 136 Seaver Street Boston, MA., April 30, 1965, 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.

Interrogatory No. 2:

   Describe in full detail what "emotional and mental distress" you suffered as a result of the allegations in your Complaint.

Answer: I felt intimidated whenever I came to work. I suffered stress and depression which caused me mental and physical guilt because I did not spend enough time with my special needs son because I did on have energy to spend time with him. My father is an elderly man who lives in a nursing facility. My son's father does not participate in his care. The emotional and mental stress of my job resulted in drinking.
   a. My self esteem diminished and I had difficulty trusting people.
   b. My ability to communicate with others, including co-workers diminished.
   c. I felt secondary victimization.
   d. My job performance was affected because I was unable to stay focused; I was intimidated and felt fear of even coming to work.
   e. Stress affected my memory and disfigured my face because stress aggravated and worsened sarcoids, a disease I have.
   f. Depression was constant as although I earned the right to keep my job I felt humiliated by my co-workers and supervisors who made me think and feel that my right to earn money was being taken from me. I was made to think

and believe that if I wanted to work more I could not because I was going to have to endure badgering. My work performance and attendance was affected as a direct result of the badgering of my supervisor's and co-workers.

g.  During this period I drank excessively as a result of the badgering, negative attitudes and other issues related to my supervisor's and co workers. In addition, during this period the badgering affected my sleep as I did not sleep well.

h.  Drained physically and emotionally leaving the feeling of guilt for not spending more time with my special needs son or giving him the attention and emotional support he needed at his young age or rearing him to understand his condition of different life skills. Or, even just doing more things that most kids expect to do on their own.

Interrogatory No. 3:

Provide in full detail the amount of any medical costs you have incurred as a result of the allegations contained within your Complaint. Include in your answer the following:

a)  the name and addresses of any doctor seen as a result of the allegations contained in your Complaint;

b)  the dates of service for the medical service received as a result of the allegations contained in your Complaint; and

c)  what medical costs you are incurring presently as a result of the allegations contained in you r Complaint.

1.  Jerline Dixson, Simco Plaza, Blue Hill Avenue, Boston, MA
2.  Christine Dodon Heart Center, Martin Luther King Blvd. Boston, MA
3.  Cynthia Carter,
4.  Sandra Range
5.  Dr. Andrews

Plaintiff cannot specify the dates of service however this interrogatory will be supplemented.

Plaintiff does not have the present medical costs she is incurring. This interrogatory will be supplemented.

Interrogatory No. 4:

From 1988 to the present, if you have ever been treated by a counselor, therapist or medical profess ional for any mental, emotional, marital, psychological or psychiatric

issues (including but not limited to stress, emotional distress and/or depression), state the name and address of each counselor, therapist or medical professional, the dates of each treatment or visit, the reason for the treatment received, including but not limited to any medications prescribed.

1. Jerline Dixson, Simco Plaza, Blue Hill Avenue, Boston, MA
2  Christine Dodon Heart Center, Martin Luther King Blvd. Boston, MA
3. Cynthia Carter
4. Sandra Range
5. Dr. Andrews

Interrogatory No. 5:

If you contend that you have suffered damages as a result of any alleged age based discriminatory conduct by the defendant, state in detail:

a)     the nature of any such damage including, but not limited to, whether the alleged damage is physical or emotional;

b)     the amount of any such financial losses;

c)     how you calculated each item of financial loss or damage claimed;

d)     the fact(s) that support each item of financial loss or damage claimed; and

e)     the fact(s) that support each item of loss of business and/or personal reputation, employment benefits and enjoyment of life, as alleged in Paragraph 22 of your Complaint.

Interrogatory No. 6:

Identify each witness, expert and otherwise, you expect to call at the trial of this action by stating separately for each such witness:

a)     his or her name, address and the qualifications which pertain to his or her anticipated testimony;

b)     the subject matter on which he or she is expected to testify;

c)     the substance of all facts about which each witness is expected to testify; and

d)     all opinions to which each witness is expected to testify and the complete grounds for each such opinion.

Answer: Plaintiff has not determined which if any experts she will call at trial.

Interrogatory No. 7:

For each and every occasion upon which any expert witness you expect to call at trial has ever testified in a court of law, please state separately:

a)    the full caption of the case, including the court, full title, and docket number; and

b)    the substance of their testimony.

Answer: Plaintiff has not determined which if any experts she will call at trial.

Interrogatory No. 8:

Identify all persons having knowledge of the facts alleged in your Complaint, including those persons having knowledge of the circumstances of the Incident, and the impact on your life (including medical, economic, social, emotional, personal, effects) of the injuries that resulted from the incident.)

Answer:     1. Theresa (Last name unknown).
            2. Meredith Simmons
            3. Dick Matthews
            4. Steve (Last name unknown)
            5. Charly (Last name unknown)
            6. Jennie (Last name unknown)
            7. A.J.   (Last name unknown)
            8. Zennetta (Last name unknown)
            9. Jimmy Donovan
            10. Cathy
            11. Unidentified black female who worked in Waltham
            12. Danny Foon's sister

Interrogatory No. 9:

State the basis of your contention why you believed the following statements, as listed below and in Exhibit 1 attached, were directed to you. These statements include the following:

"January 13 Charley yells out good job gay, and AJ replies ya well it's her night off so she gets to sleep tonight.

March 12  2:10 a.m. Genny yells out ya she must love it in jail, Charley says who, the dike.

March 25 1:30 a.m. guy in automation yells in my direction with no one else in the unit, hay, gay.  4:30 a.m. as I was leaving I asked him what his name was he told me mike but ask why did I want to know, did he do something disrespectful to me. I said you know you did.

April 2  Theresa complained to management abut the guys in automation cheering noises all night. That it was unprofessional and disrupted and not a good working environment.

April 4  12:30 a.m. Patrick Barry says to gean Marie your gay Ginny . Ginney say oh no pat, I am not gay.  Pat says then well there is allot of gays in here.

March 28,  12:00 a.m. Patrick Barry says to genny lets give the gay an earful. 2:25 a.m. Theresa ask Steve to quiet Ginny down because she was yelling comments about why are some women gay and varies position she likes in bed Theresa was so upset she said she was going straight to management that morning to complain.

June 6, 1:05 a.m. genny as walking to the beak area (with Theresa and AJ ) yells Candy is a fucken gay. 1:35 a.m. after break I ask Dick Mattews if I can talk to him and ginney. He tells me no tell me what's going on after he tacks to ginney for about ten minutes. He tells me if I am sure I hear that comment, and ginny never said anything like that before."

I believe these statements were directed at me because I heard them and they were made or stimulated by my presence.

Interrogatory No.  10:

Please state the basis of your contention why the statement listed in Interrogatory Number 9 were racially discriminatory.

The statements were made in my presence by persons of a different race. The person's clearly indented that I hear the comments. I am not in a posture to discern the true intentions of the person's who made the comments however they do seemed based on differences. Race is the chief difference between me and the persons who made the comments.

Signed under the pains and penalties of perjury

_____

Candy Bell

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A. No. 05-11485


CANDY BELL
(Plaintiff)

v

JOHN E. POTTER, In his Capacity as Postmaster
General of the United States of America
(Defendants)


Now comes plaintiff in the above captioned matter, pursuant to Rule 34 of the

Federal Rules of Civil Procedure and respectfully requests that defendant John E. Potter

produce and permit plaintiff to inspect and copy all the documents requested below to:

James E. Small, Jr., P.O. 190024 Roxbury, MA 02119.


1.  All documents that concern any communication between plaintiff and any
    employee, representative or agents of defendant United States Postal Service.

2.  All documents that concern the plaintiff's employment with defendant United
    States Postal Service.

3.  Supervisor's manual and all documents that reflect supervisory practices and
    policies that were in effect from September 2001 until the present

4.  All documents relating to unlawful employment practices or charges or

problems raised by any employee during the years 2001 until the present.

5.  Any and all documents relating to any claims or charges filed by any persons against the Defendant with the Department of Labor, the Equal Employment Opportunity Commission, the Office of Federal Contract Compliance Programs, or any federal, state or municipal agency dealing with race, sex or age in employment.

6.  All documents regarding any claims filed in any state or federal court against any supervisor of Candy Bell that concerned race or sex discrimination in employment within the United States Postal Service

.

7.  Documents reflecting every discharge , layoff, whether temporary or permanent, transfer or reassignment, and promotion, reflecting the name address telephone number race color, national origin, and current employee status that were secured by plaintiff's supervisors.

8.  The personnel file of Candy Bell..

Respectfully submitted,

James E. Small, Jr.
P.O. Box 190024
Roxbury, Massachusetts 02119
(617) 427-3147



**U.S. Postal Service**
# EEO Dispute Resolution Specialist's (DRS) Inquiry Report

| Case No. |
| --- |
| **1B021002601** |

### NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO report is restricted by both the Freedom of Information Act and the Privacy Act to: (1) the complainant and his or her representative, and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

**Complainant**

| Name (Last, First, MI) **BELL,CANDY M.** | Social Security No. **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** |
| --- | --- |

| Home Address (No., Street, City, State, ZIP + 4) **P. O. BOX 63  DORCHESTER MA 02121-0063** |
| --- |

| Home Telephone No. **(617) 989-1985** | Email Address | Office Telephone No. **(781) 768-3000** |
| --- | --- | --- |

| Position Title **CLERK** | Grade Level **PS5** | Tour **1** | Duty Hours **1050-0450** |
| --- | --- | --- | --- |

| Off Days (For Tour I, record of nights) **TUES/SAT** | Is EEO Poster 72 on display in Complainant's facility? ☒ Yes, verified on date **03/16/2001**    ☐ No |
| --- | --- |

| Preference Eligible ☐ Yes  ☒ No | Mixed Case ☐ Yes  ☒ No | MSPB Appeal Filed? ☐ Yes  ☒ No If Yes, Date Filed: |
| --- | --- | --- |

**Chronology of Informal Process**

| Date of Incident **01/13/2001** | Date of Initial Contact with EEO Office **02/23/2001** | Date of Initial Interview **03/16/2001** |
| --- | --- | --- |

| REDRESS™ Overview ☒ Yes  ☐ No | ADR Election Form Signed ☐ Yes  ☒ No | 60 Day Extension Form Signed ☒ Yes  ☐ No If Yes, Expiration Date: **05/24/2001** |
| --- | --- | --- |

| Date Complainant Signed or Received Notice of Right to File **05/29/2001** | Date DRS Report Requested **06/14/2001** | Date DRS Report Submitted **06/19/2001** |
| --- | --- | --- |

**Basis for Alleged Discrimination**

Check and Particularize Each that Applies

| ☒ 1. Race (Specify): **BLACK** | ☐ 6. Age (Specify Date of Birth): |
| --- | --- |
| ☐ 2. Color (Specify): | ☐ 7. Physical Disability (Specify): |
| ☐ 3. Religion (Specify): | ☐ 8. Mental Disability (Specify): |
| ☒ 4. Sex (Specify): Female | ☒ 9. Retaliation (Specify Cited Prior EEO Activity): **1B-021-0060-97** |
| ☐ 5. National Origin (Specify): | |

Discrimination Claim(s): **The counselee alleges that because of her race, sex and in retaliation for prior EEO activity, 1) on approximately January 12, 2001, several co-workers made comments referring to her as gay, and clerks and mail handlers yelled "Hey you fucking dike" and additional obscene comments, creating a hostile work environment; 2) since January 10, 2001, her pay had been incorrect and it took 1 1/2 months for corrections to be made; and 3) it took three months for her to be issued a badge.**

Requested Resolution
**To work in an environment free of the abusive and vulgar language which has created a hostile work environment.**

Counselor's Report
Page _1_ of _13_

 

**EEO Dispute Resolution Specialist's Check List**

Please check All That Apply.

☒ 1. I informed counselee of the impartial role of the Dispute Resolution Specialist in the EEO complaint process, explained the EEO process, and provided counselee with the booklet, *What You Need to Know About EEO* -- an overview of the EEO process in the Postal Service.

☒ 2. I notified counselee of his/her right to be accompanied, represented, and advised by a representative of his/her choice at any stage in the complaint process. If counselee elected representation, I obtained the following information:

Representative's Name: **MATTHEW COBB**

Title: **ATTORNEY**_____ Telephone Number: **(617) 357-7300**_____

Fax No: (___)_____ Email Address: _____

Mailing Address: **101 TREMONT ST**_____

_____**BOSTON MA 02108-5004**

_____

☒ 3. I advised counselee of his/her right to remain anonymous during pre-complaint counseling and he/she DID __**X**__ / DID NOT ____ waive anonymity.

☒ 4. I explained the privacy act notice. Counselee signed a copy of the notice prior to the interview.

☐ 5. If a mixed case, I informed counselee of the mixed case election procedures in 29 C.F.R. §1614.302.

☐ 6. If age discrimination was alleged, I informed counselee of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

☐ 7. If a sex based claim of wage discrimination was alleged under Equal Pay Act (EPA), I advised counselee of his/her right to bypass the administrative procedure and file a civil action, as outlined in 29 C.F.R. §1614.408.

☐ 8. If discrimination based on disability was alleged I informed counselee of his/her requirement to submit documentation of his/her disability. Documentation HAS ____ / HAS NOT ____ been submitted.

☐ 9. If counselee presented his/herself as an agent of a class, I explained the class complaint procedures and the class agent's responsibilities, as outlined in 29 C.F.R.§1614.204.

☒ 10. I informed counselee of his/her requirement to immediately notify the area Manager, EEO Compliance and Appeals and the EEOC if the representative's or his/her mailing address change.

☒ 11. I explained that I will not be the one who will make the decision on the acceptability of counselee's claim(s); but, there is a possibility that, for the reason(s) I have briefly restated below, the claim(s) will be dismissed in accordance with 29 C.F.R.1614.107.

Counselor's Report
Page __2__ of __13__

 

**Dispute Resolution Specialist's Inquiry**

Brief Summary of Inquiry (if applicable)

**Supervisor Dick Matheson denied discriminating against the counselee for any reason. He said he told her to let him know immediately if she was being harassed by her co-workers and he would take action and he also brought the matter to the next level of management. He said his observations revealed that conversations in the area were not directed at her. Regarding her pay problem and the delay in receiving her badge, he said he made several attempts to speed the matters and the pay was eventually resolved and the badge is a problem that has been experienced by others. The Plant Manager stated that his investigation revealed that whenever she complained about people making loud noises or derogatory remarks, Tour 1 managers and supervisors immediately checked into the situation. He stated that supervisors have received statements from several employees complaining that the counselee makes comments that make them feel uncomfortable. He has spoken to the counselee and is continuing to look into the matter.**

**Note:  During counseling counselee's purviews were race, sex and retaliation;  color has been added to her formal complaint.**

**REDRESS™ (Dispute Resolution Specialist complete this section if counselee participated in ADR)**

| Date of mediation | Disposition | | |
|---|---|---|---|
| | | ☐ Resolved | ☐ Not Resolved |

**Summary of Final Interview**

**Counselee was provided with two copies of Notices of Right to File a Formal Complaint within 15 days and Form 2565, with instructions for pursuing her allegations of discrimination.**

**Privacy Act Notice**

The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants

or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Office Address of Dispute Resolution Specialist (No., Street, City, State, and Zip + 4) | Office Address of Manager EEO Compliance & Appeals (No., Street, City, State, and Zip + 4) |
|---|---|
| **BOSTON DISTRICT** **25 DORCHESTER AVENUE** **BOSTON MA 02205-9411** | **6 GRIFFIN ROAD NORTH** **WINDSOR CT 06006-7052** |

| Specialist's Office Telephone No. | Specialist's Office Hours |
|---|---|
| **(617)654-5624** | **0750-1600** |

| Signature of EEO Dispute Resolution Specialist | Typed Name of EEO Dispute Resolution Specialist | Date |
|---|---|---|
| *Mary Ann Keefe* (SC) | **MARY ANN KEEFE** | **06/19/2001** |

PS Form 2579, March (Page 3 of 3)

Counselor's Report Page _3_ of _13_

 **UNITED STATES POSTAL SERVICE .**

## Notice of Right to File Individual Complaint

TO: Name (First, MI, Last)

@ ANDY BELL

Re: Case No.

1B-021-0026-01

This notice will attest to the fact that on 5/25/01 via CERT. 7099 3400 0016 6159 I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days if you receive this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retained one to represent you. I am providing you with *PS Form 2565, EEO Complaint of Discrimination in the Postal Service,* for this purpose. Your complaint must be delivered to:

> **EEO COMPLAINTS PROCESSING**
> **GENERAL MAIL FACILITY**
> **25 DORCHESTER AVE RM 3007**
> **BOSTON MA 02205-9411**

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) **Your name, address, position, and level;**

■ If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. (If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)

(2) **The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;**

(3) **The specific type of discrimination alleged**, e.g., race - African American, sex - female, etc.;

Counselor's Report
Page 4 of 13

■ If you allege disability discrimination, the alleged disability must be more than a temporary condition.

■ If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) **A brief statement of the facts** that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

■ If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.

■ If you allege retaliation, you must show a connection between the action at issue in the complaint you are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) **The name of the EEO Dispute Resolution Specialist** who provided you with this notice and the date you received this Notice of Right to File.

### Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations;

contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date Issued | Your Signature | Date Received |
|---|---|---|---|
| Mary Ann Keefe | 5/25/01 | Candy Bell | 6-8-01 |

Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested.

PS Form 2579-A, March 2001

 

 **UNITED STATES POSTAL SERVICE**

May 25, 2001

Certified Mail  7099 3400 0016 6159 3238
Return Receipt Requested

Candy Bell
c/o Matthew Cobb, Esq.
101 Tremont Street
Boston MA 02108-5004

Re: EEO Case No. 1B-021-0026-01

Dear Ms. Bell:

I have concluded the inquiry into your allegation of discrimination raised on **February 23, 2001**, and this letter will serve as your final interview of the counseling stage.

Supervisor Dick Matheson denied discriminating against you for any reason. **He said he had a conversation with you regarding your concerns of harassment by your co-workers and told you to let him know if you were being verbally harassed and he would take immediate action.** He said that his observations revealed that the conversations in the area were not directed at you. He also brought the matter to the next level of management.   With regard to your pay problem, he stated he made several calls attempting to correct the matter and it was eventually corrected. He said the delay in receiving your badge has been experienced by others and he did make three requests to attempt to speed the process for you.  The Manager, EEO Dispute Resolution, interviewed your **Plant Manager, Frank Manganaro,** who stated that his investigation of the situation revealed that whenever you complained about people making loud noises or derogatory sexual remarks. Four 1 managers or supervisors immediately checked out the situation. According to Mr. Manganaro, supervisors have received statements from several employees complaining that you make comments that make them feel uncomfortable.  He said he talked to you about your work environment and will continue to look into the matter.  Mr. Manganaro denied discriminating against you for any reason.

If you are not satisfied with the results of the counseling, you now have a right to file a formal complaint.  Enclosed you will find two Notices of Right to File an Individual Complaint.  Please sign and date one of the Notices in the boxes marked with an "X", and return it to me. The other is for your records.  Also enclosed is PS Form 2565, Formal Complaint of Discrimination in the Postal Service.  If you wish to file a formal complaint, you will have 15 days from the date you receive this letter to do so, by completing the PS Form 2565 and mailing it to the address indicated on the PS Form 2579-A.  Failure to respond within the 15-day time frame could result in your complaint being dismissed as untimely.

If you have any questions, please call me at 617-654-5624.

Sincerely,

Mary Ann Keefe
Acting Dispute Resolution Specialist

Attachments

cc:  Counselee – with attachments – regular mail

**25 Dorchester Avenue, Room 3007**
**Boston MA 02205-9411**

017

Counselor's Report
Page 5 of 13

S. Postal Service
CE IFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

7099 3400 0016 6159 3238

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
CANDY BELL C/o MATTHEW COBB, ESQ.
Street, Apt. No.; or PO Box No.
101 TREMONT ST.
City, State ZIP+4
BOSTON MA 02108-5004

---

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CANDY BELL
C/o MATTHEW COBB, ESQ
101 TREMONT ST.
BOSTON MA 02108-5004
EEO MAY31'01 AM11:16

A. Received by (Please Print Clearly)   B. Date of Delivery
William No Fell

C. Signature
X                                    ☐ Agent
                                     ☐ Addressee

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☑ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
7099 3400 0016 6159 3238

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

---

Track/Confirm - Intranet Item Inquiry - Domestic

Item: 7099 3400 0016 6159 3238

| Destination | Zip: 02108 | City: BOSTON | State: MA |
|---|---|---|---|
| Origin | Zip: | City: | State: |

| Event | Date | Time | Location |
|---|---|---|---|
| DELIVERED | 05/29/2001 | 13:20 | BOSTON MA 02108 |

Request Delivery Record

View Delivery Signature

Counselor's Report
Page 6 of 13

018



**UNITED STATES**
**POSTAL SERVICE**

Name of Counselee: _CANDY BELL_

Case #_18-021-0026-01_ Date of Contact: _2/23/01_

Date of Initial Interview: _3/16/01_

## DATE (S) OF INCIDENT/ISSUES:

On approximately Jan. 12, 2001 several
co-workers made comments referring
to me as a gay and clerks in Automation
and Mail Handlers in the area have yelled
"Hey you fucking dike" and additional
obscene comments, creating a hostile work
environment.

2) Since Jan. 10, 2001, my pay has been
incorrect and it took 1½ mos. for
correction to be made which I feel was
retaliation by management.

3) It took three months for me to be
issued my badge.

To resolve: I want to work in an environment
free of the abusive and vulgar language which
has created a hostile work environment.

Signature of Counselee: _Candy Bell_    Date: _3-16-01_

Name of Counselee's Representative:

Name of Dispute Resolution Specialist: _Mary Ann Fife_

Counselor's Report
Page _7_ of _13_

019

NORTHEAST AREA OFFICE


**UNITED STATES
POSTAL SERVICE™**

# UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
### IN THE MATTER OF:

Candy M. Bell,
Complainant,                         )
                                     )
                                     )        Case NO.: 1B-021-0026-01
v.                                   )
                                     )        Filed on June 8, 2001
John E. Potter,                      )
Postmaster General,                  )
Respondent.                          )

## ACCEPTANCE OF COMPLAINT

The Postal Service has received your formal complaint of discrimination referenced above. Your complaint has been accepted for investigation, and will involve the following claim(s) only:

The complainant claims discriminatory harassment/hostile work environment based on her race, color, sex and in retaliation for prior EEO activity in that since January 13, 2001 and continuing, she has been subjected to insults, degradation and humiliation by her peers and management.

If you do not agree with the defined claim(s), you must provide me with your objections, in writing, within seven (7) calendar days from the date of your receipt of this letter.

NOTE: If your complaint involves a claim of age discrimination, the Postal Service is required by the Age Discrimination in Employment Act of 1967, as amended, to advise you that you may consult with an attorney should you desire to do so, before signing any agreement resolving your complaint of age discrimination.

Your complaint has been assigned to a Northeast Area EEO Complaints Investigator for investigation and further processing. You will be contacted by an Investigator to obtain your affidavit within the near future.

The investigation will be completed within 180 calendar days, depending upon the volume of workload, from the date on which you filed your formal complaint, except that you and the Postal Service may voluntarily agree, in writing, to extend the time period by up to an additional ninety (90) calendar days.

6 GRIFFIN ROAD N
WINDSOR CT 06006-7000

Issues to be Investigated
Page __1__ of __5__

**Page 2**

Equal Employment Opportunity Commission (EEOC) Regulations provide that if a new claim is "like or related" to a previously filed complaint, then the complaint should be amended to include that claim. Should you seek to amend the instant complaint, any amendment would extend the time period for completing the investigation by an additional 180 days except that the investigation of this complaint and any amendments could not extend past 360 calendar days from the date on which you filed this formal complaint. You may request to amend your complaint through your District EEO Dispute Resolution Office.

If you have a bargaining-unit grievance pending on the same claim(s) as you have raised in this complaint, the Postal Service may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance. When an investigation is deferred pending the outcome of the grievance process, the 180-day time period for processing the complaint is stopped and does not restart until the grievance is resolved. If the Postal Service decides to defer processing of this investigation as was just described, you will be notified in writing and you will be advised of any options which you may have as a result.

When this investigation is completed, you will receive a copy of the investigative report, and you will be advised of your right to request a hearing before an Administrative Judge appointed by the EEOC, or of your alternative right to request a final agency decision by the Postal Service without a hearing. You may request a final agency decision without a hearing, at the appropriate time, by writing me at the following address:

> Robert S. Hylen, Manager
> EEO Compliance and Appeals
> Appeals Processing Center
> 6 Griffin Road North
> Windsor CT  06006-7052

You may request a hearing by an Administrative Judge appointed by the Equal Employment Opportunity Commission by making such a request, in writing, to the Chief Administrative Judge of the Equal Employment Opportunity Commission at the following address:

> Chief Administrative Judge
> EEOC New York District Office
> 7 World Trade Center, 18th Floor
> New York NY  10048-1102

Issues to be Investigated
Page 2 of 5

021



**Page 3**

You must make your hearing request within thirty (30) calendar days of the date on which you received the investigative report and you must provide me with a copy of that hearing request. If you have not received a copy of the investigative report and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to me, at any time up to thirty (30) calendar days from the date of your receipt of the report of this investigation.

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeal rights. You may appeal a final agency decision where no hearing has been held to the Office of Federal Operations of the Equal Employment Opportunity Commission, at the address shown below, within thirty (30) calendar days of the date of your receipt of the final agency decision, or you may file a civil action in the appropriate U.S. District Court within 90 calendar days of the date of your receipt of the final agency decision. You may also appeal a final action by the Postal Service implementing a decision of an Administrative Judge following a hearing to the Office of Federal Operations of the Equal Employment Opportunity Commission within thirty (30) calendar days of the date of your receipt of that final action, or you may file a civil action in the appropriate U. S. District Court within ninety (90) calendar days of the date of your receipt of the final action. Finally, you may respond to an appeal by the Postal Service in connection with its final action not to implement a decision of an Administrative Judge following a hearing, or you may file a civil action in the appropriate U. S. District Court within ninety (90) calendar days of the date of your receipt of the final action and appeal.

Any appeal to the Equal Employment Opportunity Commission should be sent to the following address:  Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, DC   20036-9848

You must send me a copy of your appeal and any supporting documentation. In addition, you must provide proof to the Office of Federal Operations that you have sent me a copy of your appeal and any supporting documentation.

You may file a civil action in the appropriate U.S. District Court after the expiration of 180 calendar days from the date on which you filed this formal complaint if the Postal Service has not issued a final agency decision on the complaint, or if no final action has been taken on a decision by an Administrative Judge.

Issues to be Investigated
Page  3  of  5

 

**Page 4**

If you initially choose to file an appeal with the Office of Federal Operations of the Equal Employment Opportunity Commission, you may file a civil action in the appropriate U. S. District Court within ninety (90) calendar days from the date of your receipt of the decision of the Office of Federal Operations. You may also file a civil action in the appropriate U. S. District Court if you have not received a decision on your appeal within 180 calendar days of the date on which you filed your appeal with the Office of Federal Operations.

Robert S. Hylen                                          Date    June 27, 2001
Manager, EEO Compliance and Appeals
Appeals Processing Center
6 Griffin Road North
Windsor, CT  06006-7052

Enclosures/EEO Dispute Resolution Specialist's Inquiry Report
         Certificate of Service

Issues to be Investigated
Page  4  of  5

023

## CERTIFICATE OF SERVICE

For timeliness purposes, it will be presumed that this document was received within five (5) calendar days after it was mailed. I certify that on this date, this document was mailed to the following parties:

Matthew Cobb, Attorney Representative
101 Tremont ST
Boston MA   02108-5004

Candy M. Bell, Complainant
P O Box 63
Dorchester MA   02121-0063

Shou Choy
Manager, EEO Dispute Resolution
25 Dorchester AV
Boston MA   02205-9411

Michael Morgis
EEO Complaints Investigator
25 Dorchester AV RM 3007
Boston MA   02205-9411

Date   **JUN 2 7 2001**

Linda Greaney
SR EEO Complaints Investigator
Appeals Processing Center
6 Griffin Road North
Windsor CT   06006-7052

Issues to be Investigated
Page ___5___ of ___5___

024

| U.S. Postal Service | Page No. | No. Pages | | 1B-021-0026-01 |
|---|---|---|---|---|
| **EEO Investigative Affidavit (Witness)** | 1 | 2 | | |

| 1. Affiant's Name (Last, First, MI) **MANGANARO, FRANK J.** | | 2. Employing Postal Facility **NORTHWEST BOSTON P&DC** | |
|---|---|---|---|

| 3. Position Title **PLANT MANAGER** | 4. Grade Level **24** | 5. Postal Address and Zip +4 **200 SMITH STREET WALTHAM, MA 02454** | 6. Unit Assigned **OPERATIONS** |
|---|---|---|---|

### Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations.

contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### USPS Standards of Conduct

Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement (Continue on Form 2569 if additional space is required)

I am a White Caucasian Male. Neither I, nor any of my supervisory staff discriminated against Candy Bell because of her race, color, sex, or prior EEO activity, and we did not subject her to, or allow her to be subjected to a hostile work environment. I had no knowledge or involvement with any of her prior EEO activity. Ms. Bell was assigned to the Northwest Facility in February 2001. Some time in April 2001, the Manager, EEO Dispute Resolution, Shou Choy made me aware of the allegations of Ms. Bell via cc:Mail. I then spoke with several supervisors to ascertain whether or not they were aware of the problems Ms. Bell was raising. I then met with Ms. Bell on May 18, 2001. Also present was Nick Constantino, Manager, Distribution Operations, Tour 1. During this meeting I asked Ms. Bell to specify as to her being subjected to a hostile work environment on Tour 1 at Northwest Boston Plant. She alleged that her co-workers have called her a homo and gay. She also accused them of yelling at her across the workroom floor, saying: f------- homo and f------ gay. According to Ms. Bell, the supervisors were also part of the hostilities, as they laughed at her or laughed in general. Ms. Bell also said that neither management nor EEO personnel did anything about the treatment. I then asked her if she approached any of the alleged harassers, as well as, asking her to identify the employees. She stated that all employees, even the ones she does not know, yelled loudly at her, even when she walks across the workroom floor. She then identified Jeannie Healey, Charlie and AJ as the big offenders, but added that the supervisors let it happen. She specifically mentioned Supervisor Pat Barry, who has since left the Postal Service as one who laughs. Ms. Bell also said that she is a straightforward person and did ask them if something was bothering them, but they would say they like her and were not talking about her, but she believes these employees are two-faced. I also asked her what supervisor she had advised of this problem and she said she told Acting Supervisor, Dick Matheson about it and he told her that when it happens, come to him immediately and he will do something about it, but she did not think he meant it so she did not follow-up with him, as requested. She said that she even told the managers, and asked Mr. Constantino if he knew, and she went on to describe a time when the Manual Unit employees were loud and swearing at her. Mr. Constantino responded by stating that he was informed about loud talking and yelling in the Manual Unit, and he went and quieted them down and they agreed to reduce the volume and started to work and he thought the incident was closed. He informed her that he was unaware of any inappropriate language being directed at her and had never been informed of this nor had he witnessed the use of such language as he approached the area during his investigation. Ms. Bell then asked to meet with me privately, so Mr. Constantino was excused. Ms. Bell then said that Mr. Constantino knows, but is a liar. She said they all laugh and cover it up, and it goes back to the GMF (Boston Plant)

Affidavit _B_
Page _1_ of _2._

**I declare under penalty of perjury that the foregoing is true and correct.**

| Affiant's Signature | | Date Signed 8/15/02 |
|---|---|---|

PS Form 2568-B, March 2001

 

**UNITED STATES**
**POSTAL SERVICE**®
**EEO Investigative Affidavit** *(Continuation Sheet)*

| Page No. | J. P. | Case No. |
|---|---|---|
| 2 | 2 | 1B-021-0026-01 |

I then explained to Ms. Bell that I would continue to investigate the situation and would visit the area to determine what to do. But she was of the opinion that nothing would come from it and that the employees would likely behave while I was around, but would resume after I departed. I then spoke with several supervisors to get their input, as well as, the accused employees. I interviewed all the employees mentioned by Ms. Bell, asking direct questions as to their involvement and also about the general environment in the work area. Several provided written statements. There individual input were very similar, suggesting that they attempted to be friendly with Ms. Bell, but were concerned about her actions toward them and concerned she would bring up frivolous charges which could impact their career. This caused them to keep a distance from Ms. Bell. However, all indicated that they still treated her with respect when there was some form of contact. Based on the various statements from the employees, who claim Ms. Bell's behavior to be the problem. I found Ms. Bell's allegations not credible. My finding was reinforced by the supervisor'' input on the matter and by my experience with Ms. Bell during the meeting. I had several conversations with Ms. Bell after May 18th, and noticed a change in her personality each time. On one call she thanked me for calling her and said she would notify her supervisor of any problems. As far as I know, she never reported additional problems. On August 4, 2001, we had another phone conversation in which her personality was totally different. During this conversation she was harsh and accused management of again referring her for another FFD exam. I explained to her that after the results of the FFD exam were received, I spoke with Dr. Saslow and wanted additional clarification and guidance so that the interests of Ms. Bell and all other employees were addressed. Then during one of our talks she raised the issue of perhaps having an assignment closer to home, which would help. I told her I would look into the matter and she was eventually reassigned to Dorchester Center on or about 12/29/01. After looking into the situation and speaking with both employees and supervisors, I did not find the allegations to be credible. One employee had to contact her attorney, who wrote to me regarding the harassment she has been subjected to by Ms. Bell. Other employees did not support Ms. Bell's contentions and in fact indicated that she may be the problem. Once I was made aware of the situation I conducted a thorough investigation into her allegations. The supervisory staff was made aware of the allegations and told to keep a constant vigilance to ensure that no employee was being subjected to a hostile environment and no problems or harassment had been observed and none were directed at Ms. Bell.

**I declare under penalty of perjury that the foregoing is true and correct.**

Affiant's Signature

Date Signed Sept. 15 '02

PS Form 2569, March 2001

Affidavit Page 2 of 2

U.S. Postal Service
**EEO Investigative Affidavit** *(Witness)*

| Page No. | No. Pages | Case No. |
|---|---|---|
| 1 | 1 | 1B-021-0026-01 |

| 1. Affiant's Name (Last, First, MI) | 2. Employing Postal Facility |
|---|---|
| **CONSTANTINO, NICHOLAS** | **NORTHWEST BOSTON P&DC** |

| 3. Position Title | 4. Grade Level | 5. Postal Address and Zip +4 | 6. Unit Assigned |
|---|---|---|---|
| **MANAGER, DISTRIBUTION OPERATIONS** | | **200 SMITH STREET WALTHAM, MA 02461-0002** | **OPERATIONS** |

**Privacy Act Notice**   The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a, the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a, and Executive Order 11478, as amended.   This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program.   As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act.   Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

USPS Standards of Conduct

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action.  (ELM 666)

7. Statement *(Continue on Form 2569 if additional space is required)*
**I am a White Caucasian Male, and I did not discriminate against Candy Bell because of her race, color or sex, and I did not retaliate against her because of her prior EEO activity. I had minimal knowledge of her prior EEO activity, but was not involved. I was not aware of any specific problems Ms. Bell was having until I attended a meeting with her and the Plant Manager, Frank Manganaro, on May 18, 2001. Prior to this meeting, I had no knowledge of the alleged problems of Ms. Bell, as had never advised me of being harassed or called names by her co-workers. The only incident I was involved in was when I was told that the employees in the Automation Unit, across from the Manual Unit were loud and noisy. So I went down and spoke with the employees. They did say they may have become loud because they were talking, and agreed to reduce their noise and started working. I was never told that these employees were using vulgar language towards Ms. Bell and if I had, I certainly would have addressed the situation immediately. After becoming aware of the full extent of Ms. Bell's allegations I looked into the problem, and her co-workers started complaining her behavior. Please refer to the statements of various employees. Had I been made aware of her alleged problems prior to the meeting with Mr. Manganaro, I would have looked in the situation sooner.**

Affidavit  C
Page  1  of  1

---

**I declare under penalty of perjury that the foregoing is true and correct.**

| Affiant's Signature | Date Signed |
|---|---|
| | 10/24/02 |

PS Form **2568-B**, March 2001



PLANT MANAGER
NORTHWEST BOSTON P&DC




*UNITED STATES*
*POSTAL SERVICE*

CONFIDENTIAL

May 18, 2001

MEMORANDUM FOR: Shou Choy
EEO – Specialist

SUBJECT:  C. BELL – TOUR 1, NWB P&DC
CONTEMPORANEOUS – MINUTES OF MEETING

I met with the subject employee on Friday May 18, 2001 at 3:25 a.m.  The meeting concluded at
4:00 a.m.  Nick Constantino – MDO, Tour 1 was present.

I asked Ms. Bell to please provide more specific input as to her assertion that the NWB – Tour 1
presented a hostile work environment.

Following are comments she presented in response.  They are para-phrased, but nearly quotations.

-   I'm called a Homo – Gay – by co-workers.  They yell at me across the floor, very loudly
    and swear.

-   They say:  f _ _ _ g Homo; f _ _ _ g Gay,

-   I don't deserve to be treated like this and my attorney agrees – we are working on this.

-   This happens every day and has since joining the Postal Service; it comes from the GMF
    since some of the same employees are now here.  Moving didn't work, it is still bad, a
    hostile work environment, and Management, Supervisors, EEO people, don't do
    anything about it.

-   Supervisors are included; they laugh at me or laugh in general.

-   This happens all over the building not only in the Manual Distribution Unit.  All I want is to
    do my work; I should not be treated like this.

I asked if she approached these employees and who they were?

Her response:

-   All employees, even many I don't know yell at me loudly.  When I walk across the floor
    they yell at me.  The big offenders are:  Jeannie, Charlie, AJ, but Supervisors let it
    happen.  (Pat Barry especially, - he laughs).

-   I had a breakdown and this atmosphere bothers me.

Exhibit  *3*
Page __/__ of __*3*__

028

 

- 2 -

-     I'm a straightforward person, so I did go up to them and asked: Is something bothering you? They always say, they like me and they were not talking about me, but they "two faced".

I asked if she advised her Supervisor?

<u>Her response:</u>

-     I told Dick Matheson – He said when it happens come to me immediately and I will do something. But, he didn't mean that, nothing has been done.

-     I even told the lady from EEO, still nothing was done – she was here to meet me.

-     I even told the Managers. She asked Nick if he knew and described a time when the Manual Unit employees were loud and swearing at her.

<u>Nick's response:</u>

I was informed regarding loud taking and yelling in the Manual Unit. I went to the Unit and informed employees to not be loud. They did say they may have gotten a little loud because they were talking. They agreed to reduce the volume and started to work. I thought the incident was closed. I was not told anything about inappropriate language used toward you. I was not aware of that.

I asked whom the EEO representative was?

<u>Her response:</u>

-     I don't know her name, but she didn't do anything either. She said she knew you (Frank) and would talk with you.

-     Ms. Bell asked to see me privately. I asked Nick Constantino to leave and we spoke privately.

<u>Ms. Bell</u>

-     He knows (Nick) but he is a liar. They all laugh and cover it up – this goes back to the GMF.

I explained to Ms. Bell that I would continue to investigate and would visit the Unit to determine what to do. I would advise her in a few weeks.

<u>Her response:</u>

-     I don't think much will come from it. They will just not behave this way when you are around and will cover-up.

Exhibit _3_
Page _2_ of _3_

 

- 3 -

## For The Record

Ms. Bell has been with the Postal Service since 1988. She started at NWB in February, 2001.

She used inappropriate language herself when describing her personal beliefs and her perceptions, during our meeting. She used many of the words she said offend her.

She appeared a bit emotional at times and very calm at times.

She mentioned several times that she has a law suit going against the Postal Service and this will work out there.

She is articulate, despite the inappropriate language. She was polite, thanking me for taking the time to see her.

She did not look at me, but looked away at the wall while talking.

Overall, I found the extreme of her allegations not believable and overall she was not credible.

I will visit the Unit and make observations without being seen. I will interview a few other employees to get more of a background on the matter.

Submitted:

Frank J. Manganaro
Plant Manager, Northwest Boston P&DC

Exhibit 3
Page 3 of 3

NORTHEAST AREA
INJURY COMPENSATION OFFICE



**UNITED STATES**
**POSTAL SERVICE**

June 1, 2001

Mr. Michael Harvill
Office of Workers' Compensation Programs
United States Department of Labor
Room E-260 JFK Bldg.
Boston Massachusetts 02203-0091

RE:    Ms. Candy Bell
        010345722

Dear Mr. Harvill:

This letter refers to the continuing unacceptable behavior in the workplace of claimant Candy Bell.

On 3/29/01 I wrote Claims Examiner Craig DeMello with a request that Ms. Bell's compensation be suspended immediately for failing to increase her work hours in accordance with the job offer she had accepted and began working on 1/13/01. I requested a response by 4/27/01. No response was received.

On 4/10/01 I wrote Claims Examiner Susan Richardson with a request that an IME be scheduled for Ms. Bell immediately. This request was made not only due to the claimant's failure to increase her work hours, but also due to her inappropriate behavior on the job. I requested a response by 5/11/01. No response was received.

On 4/12/01 I wrote to Supervisor Paula Berg and attached copies of the previous correspondence. I requested that her case be reviewed and the requested action considered. No response was received.

Today, I have been informed that Ms. Bell's behavior has reached the point of causing concern for other employees. The Postal Service has a responsibility to protect our employees and provide a safe work environment. The Postal Service intends to take appropriate administrative actions concerning this situation. However, we need OWCP cooperation in addressing Ms. Bell's injury.claim. This is not a situation that can be ignored in the hopes that it will go away. Therefore, it is again requested that Ms. Bell be evaluated by an independent specialist to determine if her condition is related to factors of employment or a non job-related personality disorder.

Thank you for your assistance in this matter. The employing agency request that a case review  and our requested action be given priority consideration.

Sincerely

Walter F. McCoy
Human Resources Specialist

Exhibit __4__
Page __1__ of __1__

PLANT MANAGER
NORTHWEST BOSTON P&DC


UNITED STATES
POSTAL SERVICE

June 20, 2001

Richard P. Zimon, MD
U.S.P.S. Medical Officer
Boston, MA 02205

Subject: Fitness for Duty – Candy Bell, FTR Distribution Clerk – NWB P&DC

I hereby request a Fitness for Duty Examination be completed for the subject employee.

Ms. Bell is currently a FTR Distribution Clerk at the NWB P&DC. She has been at this facility for approximately 10 months.

Ms. Bell has surfaced a concern regarding the Workplace Environment and behavior of other employees.

In order to effectively accommodate this employee, it is essential that her restrictions be updated and her suitability for group work is determined.

It is my responsibility to provide a safe and hostile free Work Environment. This responsibility can be supported by the results of the FFDE. I wish to be precise in making any accommodation with the employee's restrictions and/or needs. Please advise the employee ASAP, regarding the schedule for this examination. A copy of the schedule to the undersigned would be appreciated.

Frank J. Manganaro
Plant Manager, Northwest Boston P&DC

Cc: Norma Souto RN – OHNA
    K. Shanahan – Mgr. Personnel Services
    J. Mahan – MDO, Tour 1 - NWB

COPY

Exhibit _5_
Page _Z_ of _/_

032

**UNITED STATES**
**POSTAL SERVICE**

July 2, 2001

**FITNESS FOR DUTY EXAMINATION**

Ms. Candy Bell
136 Seaver St. #28
Boston, MA  02121-1544

Dear Ms. Bell,

At the request of Manager, Personnel Services and Plant Manager NWB, please note that a Fitness
for Duty Examination has been scheduled for you in the Health Unit with Dr. Arnold Soslow on
**Monday, July 9, 2001 at 9:00 AM** to review your medical condition.

Please bring any relevant medical documentation with you.  The Fitness-for Duty Exam was
requested to update your restrictions and to determine your suitability for group work.

If you are unable to keep this appointment, please notify your supervisor immediately.  Failure to
keep this appointment will result in your case being returned to the originating office for
administrative disposition due to failure to comply with official correspondence.

If you have any questions, feel free to call the Health Unit at (617) 654-5505.

Sincerely,

Norma Souto

Norma Souto, RN COHN-S
District OHNA

cc: Katherine Shanahan, Manager Personnel Services
   J. Mahan, MDO, Tour 1, NWB
   Frank Manganaro, Plant Manager NWB P&DC

Exhibit _6_
Page _1_ of _3_

HEALTH UNIT
25 DORCHESTER AVENUE ROOM 3022
BOSTON, MA 02205-9451

Request for Fitness-for-Duty Examination

 **UNITED STATES**
**POSTAL SERVICE**

The purpose of the fitness-for-duty examination is to determine whether or not an employee is medically able to perform his or her responsibilities. The employee's supervisor submits the request to the installation head or designee, who concurs with or denies the request. If there is concurrence, the request is forwarded to the Human Resources manager or designee. The supervisor must submit specific substantiating information with the request, including a copy of the attendance record, a job description with functional and environmental factors, and all other relevant observations regarding the employee.

It is essential that this substantiating documentation be specific and all-inclusive. This document along with the substantiating information may be submitted in its entirety to the examining professional.

| Date (MM/DD/YYYY) 06/21/2001 | Time | Pay Location 726 | Facility NORTHWEST BOSTON P&DC | |
|---|---|---|---|---|
| Employee's Name Ms. C. BELL | | | | Social Security No. 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 |
| Street Address 136 SEAVER STREET     APT #28 | | | | Telephone No. (Include Area Code) |
| City BOSTON | | | State MA | Zip Code 02121-1544 |
| Tour and hours TOUR 1 - 10:30pm - 4:30 am | | | Non-scheduled Days SUN/WED | |
| Job Title DISTRIBUTION CLERK-LEVEL 5 - NWB P&DC | | | | Duty Status WORKING |

Exhibit  6
Page  2  of  3

034



## Fitness for Duty – Form 2492

This Form is to be sent to:
Acting Manager Human Resources
25 Dorchester Ave.
Room 4003
Boston, MA  02205



Exhibit __6__
Page __3__ of __3__

**UNITED STATES POSTAL SERVICE**

Health Unit
25 Dorchester Ave.
Boston, MA 02205-94519

July 10, 2001

Frank Manganaro, Plant Manager
NWB, P&DC

**Fitness for Duty Evaluation**

Candy Bell
SS# 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

I saw the above named 36 year old female clerk in the Health Unit on Monday, July 9,2001, for a Fitness for Duty Evaluation. The Fitness for Duty Evaluation was requested to update the employee's restrictions and to determine her suitability for group work.

Prior to her arrival in the Health Unit, I reviewed her medical record. Throughout our interview Cindy remained composed and appropriate.

I find her fit for duty at her pre-existing 6 hours per shift restriction and she can work in group environments. If I may provide any further information within the bounds of medical confidentiality, please do not hesitate to contact me in the Health Unit where I can be reached at 617-654-5509.

Sincerely yours,

Arnold Soslow, MD
On Site Contract Medical Officer

cc: Norma Souto, RN COHN-S, District OHNA
    Katherine Shanahan, Manager, Personnel Services
    J. Mahan, MDO, Tour 1, NWB
    Employee

Exhibit ___
Page ___ of ___

HEALTH UNIT
25 DORCHESTER AVENUE ROOM 3022
BOSTON, MA 02205-9451



## *Law Office of*

## Amato V. Lepore

101 Main Street, Suite 205
Medford, Massachusetts 02155
Telephone (781) 396-1110
Facsimile (781) 396-6935

**Amato V. Lepore, Esq.**
**Anthony M. Santoro, Esq.**

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**

July 11, 2001

Mr. Frank Manganaro, Plant Manager
United States Postal Service
200 Smith Street
Waltham,   MA 02451-002

**RE:   Ms. Aeja Areyzaga**

Dear Mr. Manganaro:

This office represents the legal interests of our client,
and your employee, Ms. Aeja Areyzaga, of Medford, Massachusetts.
Ms. Areyzaga has brought to our attention a serious situation
involving racial harrassment and intimidation by another of your
employees directed towards our client.

Ms. Areyzaga has been an employee of the United States
Postal Service (USPS), since July, 1989, when she began working
at the South Postal Annex in Boston.    In September, 1996, she
moved to your new facility in Waltham where she continues to
work. She has also informed us that in or about 1995, she was the
recipient of an employee achievement award and $500.00 for her
outstanding work and attendance.

As you may know, our client works the night shift (10 p.m.
to 6:30 a.m.) as a mail sorter in the Primary Unit.    She informs
us that she works with approximately 10 or 11 people and
describes   the   working   relationship   within   the   group   as

Exhibit *8*
Page *Z* of *3*

097

"family-like". Unfortunately, this all changed with the arrival of a new employee named Candy Bell.

Apparently, on or about Wednesday, May 23, 2001, our client took part in a "job huddle" with the employees in her group and her supervisor. A hand-out was given to the employees including our client. On or about Tuesday, May 29, 2001, our client went to use the ladies' room and Ms. Bell allegedly followed her in. Ms. Bell then questioned our client about the handout that included topics such as "respect", etc.

During the conversation Ms. Bell allegedly made statements that, "Asian people do not like black people.", and that our client was talking about her to other employees. (Our client's country of national origin is South Korea and she has resided in the United States for over twenty years.) Our client denied making any such comments. Ms. Bell also allegedly told our client that she was going to be "watching her" and would "make recordings" because she knew our client's voice. Ms. Bell also allegedly accused our client of trying to hit her with a shelving unit on wheels (Postcon) because she "did not like black people." Our client denied any such actions. At the same time, Ms. Bell also allegedly made certain unspecified statements about "getting a lot of money".

Ms. Areyzaga immediately went to her Floor Manager, Nick Constantino, and told him of the discussion with Ms. Bell. Mr. Constantino's response was "Oh, again!" or similiar words to that effect. He informed our client that Ms. Bell had allegedly been out on "stress IOD" leave and had been away from work for about two years. He also alleged that Ms. Bell had a history of creating problems with other employees so that she could sue the USPS. He also alleged that you had placed Ms. Bell on the night shift with the Primary Unit.

On Friday evening, June 1, 2001, as our client was driving into the parking lot, she observed Ms. Bell standing in the parking lot and pointing her finger directly at Ms. Areyzaga. That night, Mr. Constantino apparently offered our client a couple of nights off or a change of working hours. Our client refused both and told Mr. Constantino, quite rightly, that she had done nothing to warrant that she make such changes.

Exhibit _8_
Page _2_ of _3_

On Monday night, June 4, 2001, as the group was discussing some new machinery for the unit, Ms. Bell allegedly moved to our client's side of the work area and stared at her continuously.

Our client is extremely upset at this turn of events and she is afraid for her safety not knowing what this individual may be capable of doing. She is also very upset at the alleged comments and racial harrassment directed towards her by Ms. Bell. Our client wishes only to be allowed to do her job in peace and in harmony with the other members of her unit. This is certainly not too much to ask.

Please initiate whatever corrective action you deem necessary to correct this situation (i.e. removal of Ms. Bell from our client's unit) at soon as possible. Please consider this office as your point-of-contact in this matter should you have any questions. Thank you.

Very truly yours,

Anthony M. Santoro

cc: Ms. Aeja Areyzaga

Exhibit 8
Page 3 of 3



**PLANT MANAGER**
**NORTHWEST BOSTON P&DC**
**UNITED STATES**
**POSTAL SERVICE**

July 18, 2001

MEMORANDUM FOR: Arnold Soslow, MD
                 Boston P&DC

SUBJECT:  FFDE – C. BELL

I'm in receipt of your letter dated July 10, 2001, releasing Ms. Bell to full duty with a restriction of working 6 hours per tour.

The finding included Ms. Bell working in a group setting.

Per our conversation of today, I hereby transmit the following for your reference.

- Statements from employees in the work area
- Letter from the Law Office of Amato V. Lapore
- My statement to Shou Choy – EEO Specialist regarding Ms. Bell's EEO Complaint
- Letter to OWCP – Re: Ms. Susan Richardson authored by Walter McCoy, H/R Specialist

Consistent with our conversation, the purpose of this submission is to assist you in providing further insight and guidance to me, such that I can effectively engage the rightful expectation of all U.S.P.S. employees for a Healthy and Safe Work Environment.

I would appreciate your guidance and counsel on this matter since I feel compelled to act in the best interest of all employees balancing the needs and desires of Ms. Bell and the other employees in the work unit.

Thank you for your consideration.

Frank J. Mangararo
Plant Manager, Northwest Boston P&DC

*FILE COP*

Cc:  C. Lynch – Lead Plant Mgr., Boston, MA
     R. Fredey – Mgr. H/R
     D. Shea – Mgr. H/R
     J. Mahan – MDO, T/1 - NWB
     N. Constantino – A/MDO, T/1 - NWB

Exhibit ___9___
Page ___1___ of ___19___

June 6, 2001

To Whom It May Concern:

Miss Candy Bell approached me and questioned me on why I speak to Jean Healy.  She has noticed that I visit her in Primary many times.  I stated that, I love Jeanie and I've known her for 3 years and never once had a problem with her.  She said she has a problem with her.  I stated that Jeanie is a nice person, would not hurt anyone or say mean things about anyone.

The above statement is factual and the truth.

Respectfully yours,

Ethel F. Goodwin
50L Bahama Dr.
Norwood, MA 02062

**041**

Exhibit  7
Page  2  of  19