UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
COMMONWEALTH OF MASSACHUSETTS
C.A. No. 05-11485

FILED
IN CLERKS OFFICE
2007 OCT 25  A 8: 56
U.S. DISTRICT COURT
DISTRICT OF MASS.

CANDY BELL
(Plaintiff)

v

JOHN E. POTTER, In his Capacity as Postmaster
General of the United States of America
(Defendant)

STATEMENT

Now comes plaintiff Candy Bell and respectfully submits the following as her statement pursuant to an order of this Court dated October 15, 2007.

> Details of fact on which she relies to establish her case. Plaintiff shall include the author of any statements, the dates of the statements and the author of the statements.

Ms. Bell has alleged that she was the victim of disparaging comments on the night she reported for duty at the Waltham Postal facility. She indicates that several statements were made by co-workers constituted harassment based upon race, gender, or color.

On January 13, 2001 first night in the facility Ms Bell heard Charley state good job gay, and AJ (last name unknown) replied yea well it's her night off so she gets to sleep tonight.

On March 12, 2001 at 2:10 a.m. Genny (last name unknown) yells out yea she must love it in jail, Charley says who, the dike.?

March 25, 2001 1:30 a.m. fellow employee automation (name unknown) yells in Ms. Bell's direction with no one else in the unit, hay, gay. 4:30 a.m. as Ms. Bell was leaving she asked him what his name was he told her Mike. He asked why did she want to know, did he do something disrespectful? Ms. Bell stated that he knew what he had done..

April 2, 2001 Theresa ( no last name) complained to management about the guys in automation cheering noises all night. That it was unprofessional and disrupted and not a good working environment.

April 4, 2001 12:30 a.m. Patrick Barry said to Gean Marie you are gay Ginny . Ginney said oh no Pat, I am not gay. Pat says then well there is allot of gays in here.

March 28, 2001 12:00 a.m. Patrick Barry says to Ginny lets give the gay an earful. 2:25 a.m. Theresa ask Steve to quiet Ginny down because she was yelling comments about why are some women gay and varies position she likes in bed Theresa was so upset she said she was going straight to management that morning to complain.

June 6, 2001 1:05 a.m. Genny as I walked to the break area (with Theresa and AJ ) yells Candy is a fucking gay. 1:35 a.m. after break I ask Dick Matthews if I can talk to him and Ginney. He tells me no tell me what's going on after he talks to Ginney for about ten minutes. He tells me if I am sure I hear that comment, and ginny never said anything like that before."

I believe these statements were directed at me because I heard them and they were made or stimulated by my presence.

Nicholas Constantino disseminated information about Ms. Bell's history with the Service to other employees on or about May 2001. This information coupled with Constatino's statements informed the employees of prior EEO involvement that was held and used against her.

These are the incidents that are alleged to have occurred while Ms. Bell was an employee.

These incidents were reported to the following individuals in management 1, Constantino, Managoro and Pat Barry.

These complaints were not joined with the 2000 law suit because the issues were taken under investigation June 2001 and a decision was not made relative to these allegations until April 21 ,2005. Ms. Bell elected to await the final decision of the EEOC prior to filing suit.

Respectfully submitted,

*[signature]*

James E. Small, Jr. .
P. O. Box 190024
Roxbury, MA 02119
(617) 427-3147
BBO 467220

10/25/2007

I, James E. Small, Jr., do hereby state a copy of this statement was send a Rayford Farquar Assistant Attorney General One Courthouse way Boston, MA.

*[signature]*

Table of Contents
Explanatory Note
# Docket 18

| ITEM | PAGE |

1. April 5, 2007 Correspondence to James Small  1-4
This document is submitted to demonstrate that the deposition of Ms. Bell
was suspended prior to counsel for plaintiff's opportunity to inquire and it was never
resumed.
In the motion for summary judgment defendant has included testimony from
the suspended deposition, which is improper

2. Response to interrogatories from Ms. Bell. The interrogatories are  5-10
submitted for their full probative value. In the answer to interrogatories
Ms. Bell outlines the some of the persons (answer 8) and the incidents
(answer 9) that are a part of her complaint as it relates to co workers.

3. Plaintiff requests for documents. In this instance plaintiff did not provide  11-12
any documents other than the record of Ms. Bell. It is alleged that all the
information is in my possession or can be secured from the internet.
A cite was provided. It is my view that this is an insufficient response to
a Rule 34 request. This circumstance is aggravated as many of the documents
attached are not in my possession and the information on the internet is
not subject to Rule 11. Argument based upon requested items that were not
provided may be questioned. For example, each of the supervisors investigated
Ms. Bell the complainant rather that the individuals alleged to have harassed her.
Plaintiff requested the supervisor's manual which may have provided evidence on
whether a supervisor may forgo an investigation when he determines an
individual to not to be credible. The failure to respond to this item is critical.
It is fair that the court understand the milieu in which a summary judgment motion
is presented.

4. Dispute Resolution Report: The Equal Employment Opportunity procedure  13-19
Federal employees contain many administrative processes that should be
followed in connection with a discrimination complaint. (29 CFR 1614)
This document is a part of the administrative record.

5. Acceptance of Complaint outlines the claims of plaintiff that the  20-24

the EEO that has been accepted for investigation. This acceptance of complaint was filed on June 8, 2001. At this point the administrative process had not been exhausted and plaintiff may await the determination of the agency before she may file suit. This investigation was not completed until

6. Statement of Frank Manganaro: Ms. Bell suggest to supervisor that          25-26
Mr. Constantino, a supervisor, is not truthful with respect to use of
inappropriate language and the dissemination of information with respect to
EEO activity in the July 11, 2001 correspondence to Frank Manganaro from
attorney Leporte on behalf of co-worker Aeja Areyzaga. This state is probative
on the issue of retaliation.

7. Statement of Nicholas Constantino. Fails to acknowledge meeting referenced   27
by Attorney Lapaorte where in it is suggested he disseminated information about Ms.
Bell to co-workers.

9. Statement of Ms. Bell that specified facts relative to the hostile work      28-30
environment.

10. Letter to Michael Harvill. Although the Morgan decision presents            31
a factual issue as to whether or not the harassment is subject to the
continuing violation doctrine, this correspondence submitted in response
to exhibits and arguments of defendant that fall without the time frame
of the motion for summary judgment motion.

11. Request fitness for duty.                                                   32-35

12. Results fitness for duty                                                    36

13 Letter from Attorney Leporte                                                 36-38