UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11485-RWZ

CANDY M. BELL

v.

JOHN E. POTTER,
in His Official Capacity as the Postmaster General
of the United States

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

November 13, 2007

ZOBEL, D.J.

Plaintiff, an employee of the United States Postal Service, alleges that defendant discriminated against her because of her race, color, and gender (Count I), retaliated because of her complaints about such discrimination (Count II) and created and maintained a hostile work environment (Count III). She brings the action pursuant to Title VII, 42 U.S.C. § 2000e et seq., for "declaratory, injunctive and other appropriate relief." Defendant has moved for summary judgment. Although plaintiff opposed, disagreed with defendant's statement of facts and offered her own version, the facts as set forth in the complaint and her statement were vague, largely without dates and difficult to put into context. The court therefore ordered plaintiff to file a separate, supplemental statement detailing the facts on which she relies to establish her claims. She filed a response, but difficulties remain.

It is clear from all of the factual allegations that there is no basis for any claims

of discriminatory harassment based on race or color, as every one of the alleged discriminatory remarks focuses on plaintiff's sexual orientation. Although the allegations against supervisors are cursory and conclusory, implicit in plaintiff's complaint and the several submissions thereafter is the charge that management failed to rectify the harassment she experienced. This is enough to withstand summary judgment, albeit barely. Thus, Counts I and III remain, though only with respect to harassment and hostile work environment based upon gender.

Plaintiff's claim of retaliation is equally problematic. With one exception, the record is devoid of both facts showing any adverse employment actions and facts showing a relationship between plaintiff's complaints and such actions. She cites one incident – defendant's request for a fitness of duty examination in June 2001. Plaintiff, because of her concerns about the work environment, had admittedly been on limited duty status, and defendant asserts that it requested the examination to ascertain the continuing need for restrictions and accommodations. Requiring an employee to take a fitness for duty examination is not, without more, so harmful as to deter employees from insisting on their rights. It is therefore not an adverse employment action. See Carmona-Rivera v. Puerto Rico, 464 F.3d 14, 20 (1st Cir. 2006). Additionally, although the request was temporally proximate to plaintiff's June 2001 complaint to the EEOC, the "larger picture" belies plaintiff's claims of a causal connection between the two. See Ramirez Rodriguez v. Boehringer Ingelheim Pharms., Inc., 425 F.3d 67, 85 (1st Cir. 2005). Management began discussing the need for a fitness for duty exam in April 2001, two months before plaintiff filed her EEOC complaint. Nothing in the record

suggests that the request was for any reason other than a legitimate management decision. Count II is therefore subject to dismissal.

In summary, the motion is allowed as to Count II and all claims of discrimination based upon race and color encompassed by Counts I and III. The motion is denied as to so much of Counts I and III as claim discriminatory harassment and hostile work environment based upon gender.

|  |  |
|---|---|
| November 13, 2007 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |