```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| CANDY BELL,               )<br>                           )<br>    Plaintiff,           )<br>                           )<br>    v.                     )<br>                           )<br>JOHN E. POTTER,            )<br>POSTMASTER GENERAL,        )<br>UNITED STATES POSTAL SERVICE, )<br>                           )<br>    Defendant.             )<br>                           ) | Civil No. 05-11485-RWZ |

**THE DEFENDANT'S PRETRIAL MEMORANDUM**

The defendant, John E. Potter, Postmaster General of the United States Postal Service, hereby files his Pre-trial Memorandum pursuant to the Court's Order as follows:

(1) <u>Explore the possibility of Settlement of this Action</u>

Following this Court's Order on the defendant's Motion for Summary Judgment, the defendant does not believe that settlement is an alternative.

(2) <u>Uncontested Facts</u>

1. On December 12, 2000, the Postal Service offered plaintiff an assignment at the NWB consisting of temporary limited duty six hour work days to continue for four-to-six weeks at which point she was to return to full-time eight hour duty. Plaintiff accepted this position on December 28, 2000.

2. On January 13, 2001, the plaintiff began working at the NWB.

3. On February 23, 2001, plaintiff contacted the Agency's EEO office to initiate administrative EEO proceedings.

4. On or about February 27, 2001, plaintiff submitted a letter from her therapist stating that plaintiff should not work more than six hours per day.

5. On or about April 10, 2001, Walter F. McCoy, Human Resource Specialist of the Northeast Area Injury Compensation Office sent a letter to the Office of Workers Compensation Programs stating that the Postal Service wished to return Candy Bell to full-time work duties and requesting a fitness for duty examination to determine the feasibility of a return to full-time work. In this letter Mr. McCoy makes reference to a particular prognosis in the plaintiff's past that calls into question the plaintiff's ability to return to work.

6. On June 8, 2001, plaintiff filed an administrative EEO complaint.

7. On June 20, 2001, management requested that the plaintiff undergo a Fitness for Duty Examination to determine if she was capable of working in a group environment.

8. On July 31, 2001, plaintiff alleges in her EEO complaint/affidavit statement of alleged harassment in

which she lists the following seven specific incidents of harassment.

(i).     On January 13, 2001, "charley yells out good job gay and AJ replies ya well it's her night off so she gets to sleep tonight."

(ii).    On March 12, 2001, "genny yells out ya she must love it in jail, Charley says who the dike."

(iii).   On March 25, 2001, "guy in automation yells in my direction with noone else in the unit hay gay.  4:30 AM as I was leaving I asked him what his name was he told me Mike but ask why did I want to know, did he do something disrespectful to me.  I said you know you did.

(iv).    On March 28, 2001, "Patrick Barry says to Genny lets give the gay an earful.  2:35am Theresa ask Steve to quiet Ginny down because she was yelling comments about why are some women gay and varies positions she likes in bed Theresa was so upset she said she was going straight to Managamero that morning to complain."

(v).     On April 2, 2001, "Theresa complained to

>
> management about the guys in automation cheering noises all night. That it was unprofessional and disrupted; and not a good working environment."
>
> (vi).   On April 4, 2001, "Patrick Barry says to gean Marie your gay Ginney. Ginney say oh no pat, I am not gay. Pat says then well there is allot of gays in here."
>
> (vii).  On June 6, 2001, "genny as walking to the beak area (with Theresa and aj) yells candy is a fucken gay. 1:35am after break I ask dick matthews if I can talk to him and ginney. He tells me no tell me what's going on after he tacks to ginney for about ten minutes. He tells me if I am sure I hear that comment, and Ginny never said anything like that before."

It is uncontested that these are the allegations that the plaintiff has alleged. The defendant contends that none of these allegations are true.

9.  On December 13, 2001, the plaintiff was offered a new assignment at the Dorchester Mail Center.

10. Some three and a half years later on April 21, 2005, the plaintiff's EEO complaint was dismissed by the

>    Agency for failure to state a *prima facie* case of harassment based on race, gender, or reprisal, and because the incidents did not rise to the level of a hostile environment.

(3) <u>Narrow the Issues to be Tried</u>

>    Whether the plaintiff experienced harassment and a hostile work environment based upon her gender.

(4) <u>Defendant's List of Exhibits</u>

>    The defendant's list of exhibits are as follows:
>
>    (i) The defendant will list his exhibits alphabetically and will provide the court with a Trial Notebook of Exhibits prior to Trial.

(5) <u>Defendant's List of Witnesses</u>

>    (i) <u>Steve Pokornicki</u> - worked with the plaintiff and will testify that he did not make any disparaging remarks to the plaintiff.
>
>    (ii) <u>Jean Marie Healey</u> - worked with the plaintiff and will testify that he did not make any disparaging remarks to the plaintiff.
>
>    (iii) <u>Aeja Areyzaga</u> - worked with the plaintiff and will testify that he did not make any disparaging remarks to the plaintiff.
>
>    (iv) <u>James Mahon</u> - Supervisor at the Waltham Plant at the time of the allegations.

(v)   Theresa DeRocco - worked with the plaintiff during the time of the alleged comments.

(vi)  Ellen Devane - worked with the plaintiff during the time of the alleged comments.

(vii) Frank Manganaro - The plant Manager at the time of the alleged harassment.  He met with the plaintiff and spoke with her about the alleged harassment.

(xi)  Various Doctors - the defendant may call certain doctor's that the plaintiff has or is seeing with regard to her psychological and psychiatric history including potential paranoia, auditory hallucinations and paranoid ideation.

(6) Proposed Jury Instructions

To be provided prior to trial based on the issue to be tried.

(7) Any Jurisdictional Issues

None.

(8) Trial Counsel

For the Plaintiff

James E. Small, Jr.
P.O. Box 190024
Roxbury, MA 02119
617-427-3147

For the Defendant

Rayford A. Farquhar
Assistant U.S. Attorney
1 Courthouse Way
Suite 9200
Boston, MA 02110
617-748-3284

(9) Any Pending Issues or Issues Raised by Pending Motions

(i)   The defendant is seeking clarification of the Court's

      November 13, 2007, Order on Defendant's Motion for Summary Judgment, regarding whether the issue to be tried is whether the plaintiff was discriminated against, by alleged harassment and a hostile work environment, based on her gender. The defendant notes that none of the plaintiff's allegations in her Affidavit or in her Complaint appear to be based on her gender.

(ii) The defendant will seek leave to file a motion to reopen discovery in the specific area of the plaintiff's mental condition on or about the time of the allegations in the plaintiff's Complaint. Based on newly discovered information, to be received by subpoena on January 16, 2008, the defendant will seek leave to gather information from the plaintiff not previously provided in response Interrogatories and Request for Production of Documents propounded by the defendant. It should be noted that the defendant specifically asked for psychological and psychiatric information through written discovery and the plaintiff failed to provide any information.

(10) <u>Issues of Law, Including Evidentiary Questions</u>

    None.

(11) <u>Probable Length of Trial</u>

    One week (9:00 - 1:00)

(12) <u>Voir Dire Examination for the Jury Panel</u>

    To be provided prior to trial upon clarification of the issue to be tried.

                      Respectfully submitted,

                      JOHN E. POTTER, POSTMASTER GENERAL
                      OF THE UNITED STATES POSTAL
                      SERVICE,

                      By his attorneys,

                      MICHAEL J. SULLIVAN
                      United States Attorney


           By:  <u>/s/ Rayford A. Farquhar</u>
                RAYFORD A. FARQUHAR
                Assistant U.S. Attorney
                U.S. Attorney's Office
                1 Courthouse Way, Suite 9200
                Boston, MA 02109
                (617) 748-3284

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 16, 2008.

                      <u>/s/ Rayford A. Farquhar</u>
                      Rayford A. Farquhar
                      Assistant U.S. Attorney