UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
CANDY BELL,                         )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    Civil Action
                                    )    No. 05-11485-RWZ
JOHN E. POTTER, in his official     )
capacity as POSTMASTER GENERAL      )
OF THE UNITED STATES                )
POSTAL SERVICE,                     )
                                    )
            Defendant.              )
_____)

**MEMORANDUM IN SUPPORT OF THE DEFENDANT'S
EMERGENCY MOTION FOR SANCTIONS PURSUANT TO
FED. R. CIV. P. 37(b)(2)(C) FOR PLAINTIFF'S
<u>FAILURE TO PRODUCE PSYCHIATRIC RECORDS</u>**

The defendant, John E. Potter, Postmaster General of the
United States Postal Service, by and through his Attorney Michael
J. Sullivan, United States Attorney for the District of
Massachusetts, respectfully submits this Memorandum in support of
his Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2)(C)
for the Plaintiff's Failure to Produce Psychiatric Records.  For
the reasons set forth below, the defendant submits that the
plaintiff failed to produce crucial psychological records that
were repeatedly requested through written discovery, through a
Motion to Compel, numerous Orders of this Court and finally by an
oral Order of this Court during the Pre-Trial Conference.

I.    STATEMENT OF FACTS

On October 12, 2006 the defendant propounded Request for Production of Documents to the plaintiff (Ex. 1).  The defendant requested the following documents in Request Number 5:

**Request No. 5:**

Produce all documents pertaining to any treatment for psychological issues, psychiatric issues, mental issues, marital issues, issues of emotional distress, and/or issues of depression.

On April 3, 2007 the plaintiff responded as follows:

**Response No. 5:**

"Plaintiff objects to this request on the ground that it is overly broad in time and scope.  In addition this request is incapable of an accurate response in that all the documents sought are not identifiable.  Plaintiff further objects to the extent that defendant is seeking documents that are protected from disclosure by privilege.  In further answer plaintiff is compiling documents that are responsive to this request (Ex. 2).

On May 30, 2007 the parties filed a Status Report and the plaintiff agreed to answer and respond to all discovery by no later than June 8, 2007.

On July 27, 2008 the defendant filed a Motion to Compel seeking answers to Interrogatories and responses to Requests for Production of Documents specifically referencing the plaintiff's failure to comply with Request Number 5.

On August 17, 2007 this Court Allowed the defendant's Motion to Compel and provided the plaintiff with 10 days to respond to outstanding discovery requests.

On September 4, 2007 the defendant filed a Motion to Dismiss based on the plaintiff's Failure to Comply with the Court's Order for Production of Documents to be produced on or before August 27, 2007.

On September 12, 2007 the Court denied the defendant's Motion to Dismiss <u>without</u> <u>prejudice</u> and Granted the plaintiff's Motion to Respond to Requests for Production of Documents by October 1, 2007.

During the January 17, 2008 Pre-trial Conference before this Court, counsel for the defendant argued that the defendant was severely prejudiced due to the plaintiff's failure to fully answer and respond to discovery requests.  The only damages that the plaintiff can pursue are for psychological damages.  This Court told counsel for the plaintiff that the defendant was entitled to such psychological records if they existed.  The Court further Ordered that the defendant must be provided the information by January 31, 2008.  The defendant sent a letter to

3

counsel for the plaintiff confirming the Court's oral Order (Ex. 3).  No records were produced by the plaintiff pursuant to this Court oral Order.

## II.  ARGUMENT

Federal Rules of Civil Procedure, Rule 37(a)(2) states that if a party fails to obey an Order under Rule 37(a), the Court in which the action is pending "may make such orders in regard to the failure as are just, and among others the following: . . .(C) An order...dismissing the action...."  See Fed. R. Civ. P. 37(b)(2)(C).  A federal district court's "venerable power to sanction a party who repeatedly fails to comply with court-imposed deadlines cannot be doubted."  Torres-Vargas v. Pereira, 431 F.3d 389, 392 (1st Cir. 2005).  A district court may, in appropriate circumstances, dismiss a case with prejudice for violation of a judicial Order without consideration of the lesser sanctions.  Tower Ventures, Inc. v. Westfield, 296 F.3d 43, 46 (1st Cir. 2002).  Disobedience of court Orders, including scheduling Orders, in and of itself, constitutes extreme misconduct that can justify dismissal.  Id.  The First Circuit has also held that "[w]hen a litigant seeks an extension of time and proposes a compliance date, the court is entitled to expect that the litigant will meet its self-imposed deadline.... .  In the absence of excusatory circumstances ... the litigant's failure to do so warrants an inference of deliberate

4

manipulation." <u>Id</u>. at 47.

During the preparation of witnesses for the trial, counsel for the defendant had further concerns that plaintiff may have seen medical professionals about psychiatric issues and decided to make inquiries to her medical professionals dating back to 1997. By a stroke of luck, one person at a facility that the plaintiff had identified in another case (C.A. No. 00-10054-MLW) told counsel for the defendant where one psychiatrist may be practicing. Counsel for the defendant made numerous telephone calls to try to locate the psychiatrist that the plaintiff had previously seen, and was told that the individual had moved out of state. But, an employee at one institution did recognize another counselor's name listed by the plaintiff in her Answers to Interrogatories and provided an address.[1] Counsel for the defendant sent a medical authorization form, previously signed by the plaintiff in the normal course of discovery, to this location and records were received today at noon detailing visits by the plaintiff to a counselor/psychiatrist before, during and after the relevant time period of this case. The records were at least a half of an inch thick.

The defendant contends that based on the numerous factors identified in these records that can be described as stressors

---

[1] It should be noted that the plaintiff never provided any addresses or locations for individuals identified in her Answer to Interrogatories (<u>see</u>: Ex. 4)

outside the work place, the defendant has been greatly prejudiced by not being able to have a medical professional review these records. Further, the defendant did not have an opportunity to have the plaintiff evaluated by a medical professional. Despite frequent requests and attempts to ascertain if the plaintiff ever saw any psychologists or psychiatrists during the relevant time period, the plaintiff never produced any medical records pertaining to psychological or psychiatric visits. The defendant has been further prejudiced by the plaintiff's blatant disregard of the discovery rules requiring the plaintiff to produce documents relevant to the defense of this case – particularly when the records were requested on numerous occasions through Request for Production of Documents, a Motion to Compel Production of Documents and numerous Orders of this Court.

The defendant hereby moves this Court, pursuant to Fed. R. Civ. P. 37(b)(2)(C) to issue an Order dismissing the plaintiff's claim on the grounds that the plaintiff failed to comply with (1) a written Order of this Court dated August 17, 2007; (2) a further Order of this Court dated September 12, 2007; (3) an oral Order of this Court provided during the Pre-Trial Conference on January 17, 2008, requiring the plaintiff to produce by January 31, 2008 all information regarding her alleged psychological damages; (4) failing to provide psychiatric records requested through Requests for Production of Documents; and (5) failing to

6

produce psychiatric records requested through a Motion to Compel.

**III. CONCLUSION**

WHEREFORE, the Defendant respectfully requests that his

Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2)(C)  be

**ALLOWED** in all respects.


Respectfully submitted,

JOHN E. POTTER, POSTMASTER GENERAL
OF THE UNITED STATES POSTAL
SERVICE,

By his attorneys,

MICHAEL J. SULLIVAN
United States Attorney


By:   /s/ Rayford A. Farquhar
      RAYFORD A. FARQUHAR
      Assistant U.S. Attorney
      U.S. Attorney's Office
      1 Courthouse Way, Suite 9200
      Boston, MA 02109
      (617) 748-3284

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that this document(s) filed through the ECF
system will be sent electronically to the registered participants
as identified on the Notice of Electronic Filing (NEF) and paper
copies will be sent to those indicated as non-registered
participants on February 28, 2008.


                        /s/ Rayford A. Farquhar
                        Rayford A. Farquhar
                        Assistant U.S. Attorney

<u>LOCAL RULE 7.1 CERTIFICATION</u>

    I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby certify that I have spoken with Attorney James Small about this Motion on Wednesday, February 27, 2008 and we could not reach an agreement as to the subject matter of this Motion.

<u>/s/ Rayford A. Farquhar</u>
Rayford A. Farquhar
Assistant U.S. Attorney

8

EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CANDY BELL,                              )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )    Civil No. 05-11485-RWZ
                                        )
JOHN E. POTTER,                         )
POSTMASTER GENERAL,                     )
UNITED STATES POSTAL SERVICE,           )
                                        )
        Defendant.                      )
                                        )

## THE DEFENDANT'S FIRST SET OF
## REQUEST FOR PRODUCTION OF DOCUMENTS
## TO THE PLAINTIFF CANDY BELL

The defendant, John E. Potter, Postmaster General, United
States Postal Service requests, pursuant to Fed. R. Civ. P. 34,
that the plaintiff Candy Bell, produce and permit the defendant
to inspect and copy all documents and things in the plaintiff's
possession, custody or control described below at the Office of
the United States Attorney, One Courthouse Way, Suite 9200,
Boston, MA 02210, on or before thirty (30) days after service of
this request, or at such other place and time as agreed upon by
counsel for the parties.

### DEFINITIONS

1.  Document:  The term "document" means all writings of
any kind, including the originals and all non-identical copies,
whether different from the originals by reason of any notation
made on such copies or otherwise (including without limitation,
correspondence, memoranda, notes, diaries, statistics, letters,
telegrams, minutes, contracts, reports, studies, checks,
statements, receipts, returns, summaries, pamphlets, books,

1

prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefaxes, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments or any of the foregoing), graphic or aural records or representations of any kind (including without limitation photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion picture) and electronic, mechanical or electrical records and representations of any kind (including without limitation tapes, cassettes, disc and recordings).

    2.   You or Your:  The term "you or your" means defendant and all other persons acting or purporting to act on behalf of defendant.

    3.   And and Or:  The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to make the interrogatory inclusive rather than exclusive.

    4.   Each and All:  The terms "each" and "all" and the use of singular or plural forms shall be construed in such a manner as to make the interrogatory inclusive rather than exclusive.

### INSTRUCTIONS

    1.   These requests seek production of those documents in the possession, custody or control of defendant, its agents, representatives and, unless privileged, attorneys.

    2.   If you do not produce any document because of a claim of privilege, set forth the privilege claimed and the facts upon which you rely to support the claim of privilege.

    3.   As to each document withheld on a claim of privilege, state:  the date of the document, the type of document (e.g., letter, contract, memoranda, etc.), the identity of the author or originator, the identity of each person to whom the original or copy was addressed or delivered, a brief description of the subject matter thereof, and the identity of each person known or reasonably believed by you to have present possession, custody, or control thereof.

    4.   Unless otherwise indicated, these requests refer to the time, place and circumstances of the occurrence(s) referred to in the Complaint in the above-captioned action.

    5.   These requests must be supplemented to the extent

2

required by Fed. R. Civ. P. 26(e). If any document responsive to
any request is not presently identifiable or available, please
include a statement to that effect and furnish the document when
such document is identifiable or available unless otherwise
agreed by counsel.

## DOCUMENTS REQUESTED

### Request No. 1:

Produce all documents reflecting all expenses and purported
damages for which you seek compensation in this matter,
including, but not limited to, bills for medical or psychological
treatment for physical and/or emotional injuries for which you
claim damages.

### Request No. 2:

To the extent not otherwise produced in response to Document
Request 1, produce all documents which you believe support your
demands for monetary compensation in this matter.

### Request No. 3:

Produce all income tax returns, both state and federal, from
2000 to the present.

### Request No. 4:

Produce all audio or video tapes, calendars, diaries,
journals, notes and/or any documents that reflect in any way the
events that took place which are the subject of this litigation
or which are in any way related to the allegations in this case.

### Request No. 5:

Produce all documents pertaining to any treatment for
psychological issues, psychiatric issues, mental issues, marital
issues, issues of emotional distress, and/or issues of
depression.

### Request No. 6:

Identify and produce the curriculum vitae of any individual
you intend to use as an expert witness in this case.

3

**Request No. 7**:

Produce copies of any and all documents or other materials you intend to use as exhibits in the trial of this matter.

These requests must be supplemented to the extent required by Fed. R. Civ. P. 26(e).

## CERTIFICATE OF SERVICE

Suffolk, ss.                    Boston, Massachusetts
                                October 12, 2006

I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing upon counsel of record, James E. Small, Jr., P.O. Box 190024, Roxbury, MA 02119 by Facsimile at 617-427-8046.

Rayford A. Farquhar
Assistant U.S. Attorney

For the Defendant,

MICHAEL J. SULLIVAN,
United States Attorney

RAYFORD A. FARQUHAR
Assistant U.S. Attorney
1 Courthouse, Suite 9200
Boston, MA  02210
(617) 748-3284

4

EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
COMMONWEALTH OF MASSACHUSETTS
        C.A. No. 05-11485

                              CANDY BELL

(Plaintiff)

v

JOHN E. POTTER, In his Capacity as Postmaster
 General of the United States of America
(Defendant)


PRODUCTION OF DOCUMENTS REQUESTED

Request No.  1:

        Produce all documents reflecting all expenses and purported
damages for which you seek compensation in this matter, including, but
not limited to, bills for medical or psychological treatment for
physical and/or emotional injuries for which you claim damages.

ANSWER  Plaintiff objects to this request on the the grounds that it
seeks information within the possession or control of defendant.   In
addition this request is incapable of an accurate resp[onse in that all
the documents are not identifiable.  Defendant further objects to the
extent that defendant is seeking documents protected from disclosure  by
privilege.  In further answer plaintiff is compiling documents that are
responsive to this request.

Request No.  2

        To the extent not otherwise produced in response to Document
Request 1, produce all documents which you believe support your demands
for monetary compensation in this matter.

Answer:  Plaintiff objects to this request on the ground that it is
overly broad in time and scope.  In addition this request is incapable
of an accurate response in that all the documents sought are not
identifiable.  Defendant further objects to the extent that defendant is
seeking documents that are protected from disclosure by privilege.

Request No.  3

        Produce all income tax returns, both state and federal, from 2000
to the present.

Answer:  Plaintiff shall produce the documents requested in this
request.

Request No.   4

        Produce all audio or videotapes, calendars, diaries, journals,
notes and/or any documents that reflect in any way the events that took
place which are the subject of this litigation or which are in any way
related to the allegations in this case.

Answer:  Plaintiff objects to this request on the ground that it is
overly broad in time and scope.  In addition this request is incapable
of an accurate response in that all the documents sought are not
identifiable.  Defendant further objects to the extent that defendant is
seeking documents that are protected from disclosure by privilege.

Request No.   5

        Produce all documents pertaining to any treatment for
psychological issues, psychiatric issues, mental issues, marital issues,
issues of emotional distress, and/or issues of depression.

Answer:  Plaintiff objects to this request on the ground that it is
overly broad in time and scope.  In addition this request is incapable
of an accurate response in that all the documents sought are not
identifiable.  Defendant further objects to the extent that defendant is
seeking documents that are protected from disclosure by privilege.
In further answer plaintiff is compiling documents that are responsive
to this request.

Request No.   6

        Identify and produce the curriculum vitae of any individual you
intend to use as an expert witness in this case.

Answer.  Plaintiff has not determined which if any experts it will use
at trial. Plaintiff shall produce the documents requested once it is
determined which experts, if any ,will be used at trial.


Request No.   7

        Produce copies of any and all documents or other materials you
intend to use as exhibits in the trial of this matter.

Plaintiff has not determined which if any exhibits it will use at trial.
Plaintiff shall produce documents responsive to this request once it is
determined which exhibits, if any ,will be used at trial.

        Respectfully submitted,

        James E. Small, Jr.
        P.O. Box 190024
        Roxbury, Massachusetts 02119
        (617) 427-31

7

employment within the United States Postal Service
.
Documents reflecting every discharge , layoff, whether temporary or
permanent, transfer or reassignment, and promotion, reflecting the name
address telephone number race color, national origin, and current
employee status that were secured by plaintiff's supervisors.

The personnel file of Candy Bell..



        Respectfully submitted,


James E. Small, Jr.
        P.O. Box 190024
        Roxbury, Massachusetts 02119
        (617) 427-3147




JAMES E. SMALL, JR.
P.O. BOX 190024
ROXBURY, MASSACHUSETTS



                        April 3, 2007


Rayford A. Farquar
Assistant U.S. Attorney
1 Courthouse Way Suite 9200
Boston Massachusetts 02210

            RE:  Bell v Potter C.C. No. 11485-RWZ


Dear Attorney Farquar:

        Enclosed are plaintiff's response to interrogatories and Response
to request for

 production of documents.


                    Sincerely,


                    James E. S,mall, Jr.

                        -   I☐

MD

EXHIBIT 3



**U.S. Department of Justice**

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*                    *John Joseph Moakley United States Courthouse*
                                                    *1 Courthouse Way*
                                                    *Suite 9200*
                                                    *Boston, Massachusetts 02210*

                                                    January 30, 2008

**By Electronic Mail**
**and First Class Mail**

James E. Small, Jr., Esq.
P.O. Box 190024
Roxbury, MA 02119

          Re:  Candy Bell v. John E. Potter, Postmaster General,
               United States Postal Service, C.A. No. 11485-RWZ

Dear Attorney Small:

     As you know the Court has Ordered the plaintiff to provide
any and all information regarding any medical professionals that
she has seen with regards to any psychiatric or mental health
issues.  To date, the plaintiff has not disclosed any such
medical professionals.  I am thus under the impression that she
has not seen any medical professionals and that no doctors will
be testifying at trial.

     With regard to witnesses, the Court has Ordered that you
provide the defendant with the full names and addresses of any
witnesses that you will call at trial by January 31, 2008.
Please provide any information to me by facsimile (617-748-3967),
and confirm that the information was sent by leaving a voice
message for me at 617-748-3284.  If I do not receive or hear
anything from you by close of business on Thursday, January 31,
2007, I will assume that there are no medical professionals
testifying, and that only the plaintiff will be testifying at
trial.

James Small, Esq.
January 30, 2008
Page 2

     Thank you for your attention to this matter.

                              Very truly yours,

                              Rayford A. Farquhar
                              Assistant U.S. Attorney
                              (617) 748-3284

☑001

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 4693 |
| CONNECTION TEL | 816174278046 |
| CONNECTION ID | |
| ST. TIME | 01/30 11:52 |
| USAGE T | 01'43 |
| PGS. SENT | 3 |
| RESULT | OK |

Department of Justice
United States Attorney's Office
John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210
Main Reception: (617) 748-3100

Michael J. Sullivan
United States Attorney
District of Massachusetts



# Facsimile Transmission Cover Page

## TO:    James E. Small. Jr., Esq.

---

### CONFIDENTIAL U.S. ATTORNEY FACSIMILE COMMUNICATION

The information contained in this facsimile message, and any and all accompanying documents constitutes confidential information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.

---

## FROM:    Rayford A. Farquhar

Sender's Phone No.:    (617) 617-748-3284



Sender's Receiving Fax No.:    (617) 617-748-3967

Recipient's Fax No.:    617-427-8046

Date: January 30, 2008        Pages: 2 plus cover

Discovery Letter re medical professionals and witnesses testifying at trial.

EXHIBIT 4

Interrogatory No. 3:

Provide in full detail the amount of any medical costs you have incurred as a result of the allegations contained within your Complaint. Include in your answer the following:

a)      the name and addresses of any doctor seen as a result of the allegations contained in your Complaint;

b)      the dates of service for the medical service received as a result of the allegations contained in your Complaint; and

c)      what medical costs you are incurring presently as a result of the allegations contained in you r Complaint.

1. Jerline Dixson, Simco Plaza, Blue Hill Avenue, Boston, MA
2. Christine Dodon Heart Center, Martin Luther King Blvd. Boston, MA
3. Cynthia Carter,
4. Sandra Range
5. Dr. Andrews

Plaintiff cannot specify the dates of service however this interrogatory will be supplemented.

Plaintiff does not have the present medical costs she is incurring. This interrogatory will be supplemented.

Interrogatory No. 4:

From 1988 to the present, if you have ever been treated by a counselor, therapist or medical profess ional for any mental, emotional, marital, psychological or psychiatric

issues (including but not limited to stress, emotional distress and/or depression), state the name and address of each counselor, therapist or medical professional, the dates of each treatment or visit, the reason for the treatment received, including but not limited to any medications prescribed.

      1. Jerline Dixson, Simco Plaza, Blue Hill Avenue, Boston, MA
      2  Christine Dodon Heart Center, Martin Luther King Blvd. Boston, MA
      3. Cynthia Carter
      4. Sandra Range
      5. Dr. Andrews

Interrogatory No. 5:

If you contend that you have suffered damages as a result of any alleged age based discriminatory conduct by the defendant, state in detail:

a)     the nature of any such damage including, but not limited to, whether the alleged damage is physical or emotional;

b)     the amount of any such financial losses;

c)     how you calculated each item of financial loss or damage claimed;

d)     the fact(s) that support each item of financial loss or damage claimed; and

e)     the fact(s) that support each item of loss of business and/or personal reputation, employment benefits and enjoyment of life, as alleged in Paragraph 22 of your Complaint.

Interrogatory No. 6:

Identify each witness, expert and otherwise, you expect to call at the trial of this action by stating separately for each such witness:

a)     his or her name, address and the qualifications which pertain to his or her anticipated testimony;

b)     the subject matter on which he or she is expected to testify;

c)     the substance of all facts about which each witness is expected to testify; and

d)     all opinions to which each witness is expected to testify and the complete grounds for each such opinion.