UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
COMMONWEALTH OF MASSACHUSETTS
C.A. No. 05-11485



CANDY BELL
(Plaintiff)

v

JOHN E. POTTER, In his Capacity as Postmaster
General of the United States of America
(Defendant)

### Title VII

Plaintiff's claims are based upon Title VII of the Civil Rights Act of 1964, as amended, which is often referred to as "Title VII." One of the provisions of Title VII reads as follows: It shall be an unlawful employment practice for an employer.., to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

Thus, an employer cannot treat its workers differently because of their sex. Plaintiff claims that the defendant discriminated against her in violation of this law, and the defendant denies the claim.

1

Prima Facie Case of Sexual Harassment

The plaintiff's claim under Title VII is that she was treated differently, based on her sex, through sexual harassment by her supervisor(s). In order to find for plaintiff on this claim, you must first determine that during the time the plaintiff was employed by the defendant, one or more of her supervisors subjected her to harassment or ridicule as a result of he r gender with unwelcome sexual remarks, comments, and other actions that altered the terms and conditions of her employment.

An employee has the right to be afforded a working environment free of discriminatory harassment and intimidation based on sex or gender. An employer has the affirmative duty to maintain a workplace free of sexual harassment and intimidation.  Included within the employers' duty is the responsibility to promptly, thoroughly and fairly investigate each claim of discrimination.

The plaintiff has claimed that the harassment in this case was caused by one or more of her supervisors. Because the law imposes different duties on an employer if the harassment was caused by a supervisor, you must first determine if the alleged harasser was in fact a supervisor of the plaintiff.

A supervisor is a person who can directly or indirectly affect a tangible employment action. A tangible employment action constitutes a significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits. If you find that the harasser in this case held the power to directly or indirectly affect a tangible employment status as defined above, then you must find that the harasser was a supervisor.

If you find that the plaintiff was sexually harassed by her supervisor, you must then determine whether the employer is liable. Whether the employer is liable may depend on whether a tangible employment action was in fact taken against the plaintiff.

As already defined, a "tangible employment action" is a significant change in the employment relationship, such as firing; denial of a raise, bonus, promotion, overtime pay, or holiday pay; demotion; reassignment with significantly different responsibilities or work environment; substantial changes in the work schedule; or a decision causing a significant change in benefits.

Here, plaintiff alleges that such employment actions were taken against her. I instruct you that you may consider a fitness for duty examination as an adverse employment action.

If you find that the plaintiff was sexually harassed by her supervisor and that the harassment resulted in a tangible employment action, as I have defined it, then you must find the defendant liable for the harassment. This is true regardless of the existence of a policy against sexual harassment, any remedial actions taken by the employer, the number of complaints made by the employee, and the severity of the harassment.

If you find that the harasser had the power to effect a tangible employment action but that no tangible employment action was actually taken against the plaintiff, then in order to find for the plaintiff you must determine that the sexually harassing conduct was severe or pervasive.

To determine whether conduct was severe and pervasive, you must look to the totality of the circumstances. Factors you should take into account are the frequency of the conduct, its severity, whether it was physically threatening or humiliating, and whether it unreasonably interfered with the

4

plaintiff's job performance. This list is not exhaustive, and there is no mathematically precise test. The more severe the harassing behavior, the less pervasive it needs to be in order for a defendant to be liable for sex discrimination.

You must decide, considering all of the circumstances, whether the defendant's conduct was so severe and pervasive that it would have interfered with a reasonable employee's work performance or the conditions of employment, and whether the plaintiff did in fact perceive it to be abusive. The intent or perception of the person committing the acts, or failures to act, or intent or perception of any other person, is irrelevant. Again, a finding of "severe" and "pervasive" is not required to find the defendant liable for sexual harassment if you find that a tangible employment action was taken against the plaintiff.

Hostile Environment

In order to find for plaintiff on her claim of sexual harassment, you must find that she has proven by the greater weight of the evidence that (1) she was subjected to unwelcome harassment; (2) the conduct complained of was based upon sex; and (3) the harassment had the purpose or effect of unreasonably interfering with her work performance or creating an intimidating, hostile, or offensive work environment.

In order to prevail, plaintiff must establish each element by the greater weight of the evidence.

## Unwelcome Conduct

Unwelcome conduct means conduct that was not solicited or incited by plaintiff and that is regarded as undesirable by plaintiff. In determining whether the conduct was unwelcome by plaintiff, you may consider whether plaintiff's own conduct indicated that it was unwelcome, and you may consider plaintiff's actions in response to the conduct, including any complaints raised by plaintiff about such conduct. Plaintiff need not have expressed verbally that the conduct was unwelcome

## " Severe" and "Pervasive"

Sexual harassment that is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment by creating an abusive working environment constitutes sex discrimination and is illegal. The plaintiff has the burden of establishing severe or pervasive activity. This burden may be satisfied by evidence of multiple incidents of unwelcome conduct or a particularly egregious incident. The plaintiff, however, need not establish that the unwelcome conduct took place over an extended period of time.

If you find that defendant permitted a hostile or abusive working environment to exist for plaintiff, then you must find that the defendant engaged in illegal sex discrimination.

## Reasonable-Person Standard

In determining whether a hostile environment of sexual harassment existed, you should apply a reasonable-person standard. This standard requires you to take into account the experiences and perceptions of people, including the victim. If you find the conduct complained of by the plaintiff is sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, then you should find that sexual harassment existed.

Totality of the Circumstances

In order to determine whether a reasonable person in the same or similar circumstances would find the conduct intimidating, hostile, or abusive, you should consider the totality of the circumstances. These may include the frequency of the conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. The effect on the employee~ s psychological well being is, of course, relevant to determining whether the plaintiff actually found the environment abusive. But while

psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

In order to obtain a realistic view of the work environment, you should consider the events cumulatively and not in isolation.

                                  Respectfully submitted,

                                  James E. Small, Jr.
                                  BBO 467220
                                  P.O. Box 190024
                                  Roxbury, Massachusetts 02119
                                  (617) 427-3147

11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
COMMONWEALTH OF MASSACHUSETTS
C.A. No. 05-11485


CANDY BELL
(Plaintiff)


v


JOHN E. POTTER, In his Capacity as Postmaster
General of the United States of America
(Defendant)


**Plaintiff's Witness List**


1. Candy Bell
   136 Seaver Street
   Dorchester, MA

2. Keeper of Records
   United States Postal Service
   Northwest Boston Processing and Distribution Center
   200 Smith Street
   Waltham, Massachusetts 02451-0002

3. Frank J. Manganro
   Plant Manager
   United States Postal Service
   Northwest Boston Processing and Distribution Center
   200 Smith Street
   Waltham, Massachusetts 02451-0002

4. Nicholas Constantino
   Manager
   United States Postal Service
   Northwest Boston Processing and Distribution Center
   200 Smith Street
   Waltham, Massachusetts 02451-0002

5. Richard Matheson
   Distribution Clerk
   United States Postal Service
   Northwest Boston Processing and Distribution Center
   200 Smith Street
   Waltham, Massachusetts 02451-0002

6. James T. Mahan
   Quality Improvement Specialist
   United States Postal Service
   Northwest Boston Processing and Distribution Center
   200 Smith Street
   Waltham, Massachusetts 02451-0002

Respectfully submitted,

*/s/ James E. Small, Jr.*
James E. Small, Jr.
P.O. Box 190024
Roxbury, Massachusetts 02119
(617) 427-3147