IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-11485-RWZ |
| JOHN E. POTTER, in his official capacity | ) |
| as POSTMASTER GENERAL OF THE U.S., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S VOIR DIRE QUESTIONS AND SPECIAL VERDICT FORM**

The defendant, John E. Potter, Postmaster General of the United States, hereby files proposed voir dire questions and a proposed special verdict form.

                      Respectfully submitted,

                      JOHN E. POTTER,
                      POSTMASTER GENERAL
                       OF THE UNITED STATES

                      By his attorneys,

                      MICHAEL J. SULLIVAN
                      United States Attorney

                      /s/ Rayford A. Farquhar
                      Rayford A. Farquhar
                      Rachel Splaine Rollins
                      Assistant U.S. Attorneys
                      United States Courthouse, Suite 9200
                      1 Courthouse Way
                      Boston, MA  02210
                      (617) 748-3284

Dated: February 29, 2008

**DEFENDANT'S VOIR DIRE QUESTIONS**

1. The following is a list of people whose names may come up during the trial of the case. If you personally know or have any connection (personal, business, health care, or social) with any of these individuals, or have heard of any of them, please raise your hand:

    1. Candy Bell
    2. Aeja Areyzaga
    3. James Mahan
    4. Eileen Devane
    5. Thesesa DeRocco
    6. Frank Manganaro
    7. Jean Healey
    8. Richard Matheson
    9. Nicholas Constantino

2. The lawyers in this case are James Small of the Law Offices of James Small, for the plaintiff, and Rayford A. Farquhar and Rachel Splaine Rollins of the United States Attorney's Office, for the defendant. Do any of you know any of these lawyers or have you had any prior connection with them? Have you had any dealings with the United States Attorney's Office?

3. This case involves a claim of discrimination in employment on the basis sex (gender). Do you have any strong feelings about such claims that might influence your consideration of the evidence in this case?

4. This case involves a claim against the United States Postal Service, specifically about events that are alleged to have occurred at the Northwest Boston Facility in Waltham, near Route 128. Have you or any member of your family ever worked at that facility? Or for the Postal Service generally? If so, in what capacity?

5. Have you or any member of your family ever filed any kind of complaint against the United States Postal Service?

6. Have you or any member of your family ever had any dealings with the United

2

States government or the Postal Service which might influence your consideration of the evidence in this case?

      7.      Have you ever held any type of management or executive position?

      8.      Have you or any member of your family ever made a complaint of discrimination to your employer, with the Equal Employment Opportunity Commission, or with the Massachusetts Commission Against Discrimination?

      9.      Have you or any member of your family ever filed a lawsuit against an employer?

      10.      Have you or any member of your family been sued by a co-worker or employee?

      11.      Have you or any member of your family experienced harassment or other form of discrimination in the workplace based on sex, race, religion, age, sexual orientation, handicap or disability, or national origin?  If so, what if anything was done about it?

      12.      Is there anything else about you, your background and life experience that you think would influence your views about the case and your consideration of the evidence in this case?

      13.      If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as the court will instruct, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

# DEFENDANT'S PROPOSED SPECIAL VERDICT QUESTIONS

1. Did Ms. Bell prove by a preponderance of the evidence that the incidents alleged by her constituted harassment based on her sex (gender) that were so extreme it altered the terms or conditions of her employment?

    YES _____    NO _____

*[If you answered Question 1 "No," stop here, have the foreperson sign this Special Verdict Form and return it to the Court as the verdict of this jury].*

2. Did Ms. Bell prove by a preponderance of the evidence that the Post Office knew or should have known of the harassment and that it failed to take prompt and appropriate corrective action?

    YES _____    NO _____

*[If you answered Question 2 "No," stop here, have the foreperson sign this Special Verdict Form and return it to the Court as the verdict of this jury]. If your answer is Yes, to go the next question.*

3.    Do you find by a preponderance of the evidence that Ms. Bell suffered any emotional pain, suffering, inconvenience, mental anguish or loss of enjoyment of life as a proximate result of any discriminatory harassment that the Post Office committed against her?

\_\_\_\_\_ YES          _____ NO

*[If you answered Question 8 "No," <u>stop</u> <u>here</u>, have the foreperson sign this Special Verdict Form and return it to the Court as the verdict of the jury.  Otherwise, proceed to the next question.]*

4.    What sum of money, if any, will fairly and reasonably compensate Ms. Bell for any emotional pain, suffering, inconvenience, mental anguish or loss of enjoyment of life that she suffered as a proximate result of any discriminatory harassment that the Post Office committed against her?  (The Court will determine any damages based on lost salary and benefits.)

$ _____

[If you do not award monetary damages, mark the blank with a zero.]

Date: _____          _____
                              Signature of Foreperson