IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-11485-RWZ |
| JOHN E. POTTER, in his official capacity | ) |
| as POSTMASTER GENERAL OF THE | ) |
| U.S., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
PLAINTIFF FROM TESTIFYING ABOUT OR PRODUCING
ANY VIDEO TAPES, CALENDARS, DIARIES, JOURNALS,
NOTES, RECORDS AND, OR MEDICAL RECORDS (PSYCHIATRIC CARE)**

The defendant, John E. Potter, Postmaster General of the United States Postal Service, by and through his Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, herein files his Motion in Limine to Preclude the Plaintiff from testifying about or producing any video tapes, calendars, diaries, journals, notes, records and or medical records (psychiatric care). As grounds for this Motion the defendant states as follows:

1.   On October 12, 2006, the defendant propounded Request for Production of Documents to the plaintiff. The defendant requested the following documents in Request Numbers 4 and 5:

> **Request No. 4:**
>
> Produce all audio or video tapes, calendars, diaries, journals, notes and/or any documents that reflect in any way the events that took place which are the subject of this litigation or which are in any way related to the allegations in

1

this case.

**Request No. 5:**

Produce all documents pertaining to any treatment for psychological issues, psychiatric issues, mental issues, marital issues, issues of emotional distress, and/or issues of depression.

2. On April 3, 2007 the plaintiff responded as follows:

**Response No. 4:**

"Plaintiff objects to this request on the ground that it is overly broad in time and scope. In addition, this request is incapable of an accurate response in that all the documents sought are not identifiable. Defendant further objects to the extent that defendant is seeking documents that are protected from disclosure by privilege."

**Response No. 5:**

"Plaintiff objects to this request on the ground that it is overly broad in time and scope. In addition this request is incapable of an accurate response in that all the documents sought are not identifiable. Plaintiff further objects to the extent that defendant is seeking documents that are protected from disclosure by privilege. In further answer plaintiff is compiling documents that are responsive to this request."

3. On May 30, 2007, the parties filed a Status Report and the plaintiff agreed to answer and respond to all discovery by no later than June 8, 2007.

4. On July 27, 2008, the defendant filed a Motion to Compel seeking answers to Interrogatories and responses to Requests for Production of Documents specifically referencing the plaintiff's failure to comply with Request Numbers 4 and 5.

5. On August 17, 2007, this Court Allowed the defendant's Motion to Compel and provided the plaintiff with 10 days to respond to outstanding discovery requests.

6. On September 4, 2007, the defendant filed a Motion to Dismiss based on the plaintiff's Failure to Comply with the Court's Order for Production of Documents to be produced on or before August 27, 2007.

7. On September 12, 2007, the Court denied the defendant's Motion to Dismiss <u>without prejudice</u> and Granted the plaintiff's Motion to Respond to Requests for Production of Documents by October 1, 2007.

8. During the January 17, 2008 Pre-trial Conference before this Court, counsel for the defendant argued that the defendant was severely prejudiced due to the plaintiff's failure to fully answer and respond to discovery requests. The only damages that the plaintiff can pursue are for psychological damages. This Court told counsel for the plaintiff that the defendant was entitled to such psychological records if they existed. The Court further Ordered that the defendant must be provided the information by January 31, 2008.

9. The defendant sent a letter to counsel for the plaintiff confirming the Court's oral Order.

10. No records were produced by the plaintiff pursuant to this Court oral Order.

WHEREFORE, based on the plaintiff's failure to produce any of this information when requested, compelled and Ordered to do so by the Court, the plaintiff should not now be able to reap the benefit of testifying about these documents and, or, their contents at trial. Allowing her to do so would substantially and unfairly prejudice the defendant.

Accordingly, defendant requests that this Motion in Limine be granted.

>Respectfully submitted,
>
>John E. Potter, Postmater General,
>United States Postal Service,
>
>By his Attorney,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:   /s/ Rachael Splaine Rollins
>      Rachael Splaine Rollins
>      Rayford A. Farquhar
>      Assistant U.S. Attorney
>      John Joseph Moakley U.S. Courthouse
>      1 Courthouse Way, Suite 9200
>      Boston, MA 02210
>      (617) 748-3100

Dated: March 2, 2008

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

>/s/ Rachael Splaine Rollins
>Rachael Splaine Rollins
>Assistant U.S. Attorney

Dated: March 2, 2008