IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-11485-RWZ |
| JOHN E. POTTER, in his official capacity | ) |
| as POSTMASTER GENERAL OF THE | ) |
| U.S., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
PLAINTIFF FROM TESTIFYING ABOUT OR PRODUCING
ANY EVIDENCE REGARDING HER PRIOR LAWSUIT
<u>AGAINST DEFENDANT</u>**

The defendant, John E. Potter, Postmaster General of the United States Postal Service, by and through his Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, herein files this Motion in Limine to Preclude the Plaintiff from testifying about or producing any evidence regarding her prior lawsuit against defendant. As grounds for this Motion the defendant states as follows:

1. Prior to filing the instant lawsuit, plaintiff sued, and received a jury verdict against defendant.

2. None of the actors or decision makers in the prior lawsuit are present in the instant lawsuit.

3. Plaintiff worked at a completely different postal facility during the previous lawsuit and all of the alleged discrimination in that suit occurred at that facility. The instant lawsuit alleges discrimination at the Northwest Boston facility (NWB) in Waltham, which

was in no way involved in the previous lawsuit.

    4.    By Court Order dated October 15, 2007, plaintiff was required to explain why "the conduct in 2001(the instant lawsuit) was not included in the earlier lawsuit."

    5.    Plaintiff responded on October 25, 2007 and stated "These complaints were not joined with the 2000 law suit because the issues were taken under investigation June 2001 and a decision was not made relative to these allegation until April 21, 2005. Ms. Bell elected to await the final decision of the EEOC prior to filing the lawsuit."

    6.    Pursuant to Federal Rule of Evidence 401, 402 and 403, testimony regarding plaintiff's prior lawsuit is not relevant and would unfairly prejudice the defendant. Plaintiff was not similarly situated in her prior lawsuit to herself in the instant lawsuit. Specifically, the allegations in the instant lawsuit occurred at a different facility, involved different actors and decision makers, and did not involve the same alleged personnel action (fitness for duty examination) as the previous lawsuit.[1] *Mooney v. Armco Services Co.*, 54 F.3d 1207 (5th Cir. 1995) (Affirming the district court's decision to exclude testimony from witnesses with different supervisors than the plaintiff who worked in different parts of the company as too attenuated.) Additionally, allowing the jury to hear about plaintiff's previous lawsuit and jury verdict would unfairly prejudice the defendant. *Easley v. American Greetings Corp.*, 158 F.3d 974 (8th Cir. 1998)(Plaintiff alleged retaliatory discharge as a result of a prior complaint of harassment. Defendant's motion in limine to exclude any testimony regarding the details of the harassment upheld because the evidence would encourage the jury to grant plaintiff relief because she had suffered from the previous conduct, not because she had proven her case.)

---

[1]     This was alleged in the retaliation count, which was dismissed by this Court on November 13, 2007.

WHEREFORE, based on the lack of similar actors and decision makers, the fact that the locations in the two lawsuits were different and the likelihood that the jury will were Accordingly, defendant requests that this Motion in Limine be granted.

        Respectfully submitted,

        John E. Potter, Postmater General,
        United States Postal Service,

        By his Attorney,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  /s/ Rachael Splaine Rollins
      Rachael Splaine Rollins
      Assistant U.S. Attorney
      John Joseph Moakley U.S. Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA 02210

Dated: March 2, 2008      (617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

        /s/ Rachael Splaine Rollins
        Rachael Splaine Rollins
Dated: March 2, 2008      Assistant U.S. Attorney