IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. BELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN E. POTTER, in his official capacity<br>as POSTMASTER GENERAL OF THE U.S.,<br><br>　　　　Defendant. | Civil Action No. 05-11485-RWZ |

**DEFENDANT'S MOTION TO QUASH
THE KEEPER OF RECORDS SUBPOENA AND MOTION IN LIMINE
TO PRECLUDE PLAINTIFF FROM TESTIFYING ABOUT OR PRODUCING
EVIDENCE REGARDING THE FITNESS FOR DUTY EXAMINATION**

　　　　The defendant, John E. Potter, Postmaster General of the United States Postal Service, by and through its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, herein files this Motion to Quash the Subpoena issued to the United States Postal Service for the Keeper of Record. (The unsworn, unsigned Subpoena is attached as Exhibit A). Defendant also files this motion in limine to preclude plaintiff from testifying or producing any evidence regarding the fitness for duty examination. As grounds for these Motions the defendant states as follows:

　　　　1.　　The keeper of record subpoena requests documents specifically relating to fitness for duty examinations.

　　　　2.　　The subpoena is improper for two reasons.

　　　　3.　　First, the fitness for duty records are irrelevant to the case, as the Court, in its November 13, 2007 Order on the Defendant's Motion for Summary Judgment, dismissed plaintiff's retaliation claim. The only incident of retaliation that the plaintiff has ever cited

was defendant's request for a fitness for duty exam in June 2001. The Court found that the request for the exam was "not an adverse employment action" that it was discussed "two months before plaintiff filed her EEOC complaint" and that "[n]othing in the record suggests that the request was for any reason other than a legitimate management decision." Accordingly, any testimony regarding the fitness for duty exam is not relevant to the case and thus defendant requests that the subpoena be quashed.

4. Second, the discovery period in this case has long been over. Plaintiff has never requested any fitness for duty documents during the entire discovery process. A Subpoena for those documents on the eve of trial is a clear attempt by plaintiff to circumvent the discovery process and defendant requests that plaintiff not be permitted to do so.

5. Any argument by plaintiff that defendant should be ordered to produce these documents would be highly ironic as plaintiff has exempted herself from Fed. R. Civ. P. 33(b)(3) and 34(b), and to this date has still yet to produce documents requested, compelled and ordered by this Court to be produced.

6. The motion in limine is proper for the same reasons stated in paragraph 3 of this document.

WHEREFORE, based on the foregoing reasons, defendant requests that the subpoena

be quashed and that the motion in limine be granted.

          Respectfully submitted,

          John E. Potter, Postmater General,
          United States Postal Service,

          By his Attorney,

          MICHAEL J. SULLIVAN
          United States Attorney

         By:  /s/ Rachael Splaine Rollins
              Rachael Splaine Rollins
              Assistant U.S. Attorney
              John Joseph Moakley U.S. Courthouse
              1 Courthouse Way, Suite 9200
              Boston, MA 02210
Dated: March 2, 2008        (617) 748-3100

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

          /s/ Rachael Splaine Rollins
          Rachael Splaine Rollins
Dated: March 2, 2008        Assistant U.S. Attorney

Contact: James E. Small, Jr., Post Office Box 190024, Roxbury, Massachusetts (617) 427-3147

SUBPOENA DUCES TECUM
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
COMMONWEALTH OF MASSACHUSETTS
C.A. No. 05-11485

CANDY BELL
(Plaintiff)
v
JOHN E. POTTER, In his Capacity as Postmaster
General of the United States of America
(Defendant)

Keeper of Records
United States Postal Service
Northwest Boston Processing and Distribution Center
200 Smith Street
Waltham, Massachusetts 02451-0002

**You are hereby commanded**, in the name of the United States of America, to appear before the United States District Court, District of Massachusetts holden at One Fan Pier, Boston, MA. within and for the District of Massachusetts on the 3rd day of March 2008 at 9:00 o'clock in the forenoon, and from day to day thereafter, until the action hereinafter named is heard by said Court, to give evidence of what you know relating to an action then and there to be heard and tried between Candy Bell and John E. Potter.

You are further required to bring with you, any and all documents, dairies, reports, and other records which relate to:

1. United States Postal Service supervisor's manual and all documents that reflect supervisory practices and policies that were in effect from September 2001 until the present

2. Any and all documents relating to the use of fitness for duty examination as applied to postal employees including the number of persons referred for such examination from January 2001 until the present and the policy, protocol or other procedure used to determine which employees must submit to such examination.

3. Any and all documents relating to the use of fitness for duty examination as applied to Candy Bell including the policy, protocol or other procedure used to determine she was required to submit to such examination.

**Hereof fail not,** as you will answer your default under the pains and penalties in the law that behalf made and provided.

Dated at Roxbury, Massachusetts the 14th day of February 2008.

_____
Notary Public
My Commission Expires:

1