IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

CANDY M. BELL,                                    )
                                                  )
                    Plaintiff,                    )
                                                  )
        v.                                        )
                                                  )  Civil Action No. 05-11485-RWZ
JOHN E. POTTER, in his official capacity          )
 as POSTMASTER GENERAL OF THE U.S.,               )
                                                  )
                    Defendant.                    )
_____ )

**DEFENDANT'S REQUEST**
**FOR JURY INSTRUCTIONS**

        Defendant John E. Potter, Postmaster General of the United States, submits the following

Proposed Jury Instructions and Special Verdict Form.

                                Respectfully submitted,


                                JOHN E. POTTER,
                                Postmaster General of the United States,

                                By his attorneys,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                                /s/ Rayford A. Farquhar_____
                                Rayford A. Farquhar
                                Rachael Splaine Rollins
                                Assistant U.S. Attorneys
                                United States Courthouse, Suite 9200
                                1 Courthouse Way
                                Boston, MA  02210
                                (617) 748-3284

Dated: March 3, 2008

<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 1</u>

<u>Overview of Claims</u>

This is an employment action brought by plaintiff Candy Bell against the Postmaster General of the United States.  Ms. Bell alleges that while working at the Northwest Boston Facility in Waltham, she was discriminated against on the basis of her gender when over diverse dates between January 13, 2001, through June 6, 2001, her co-workers harassed her by calling her disparaging names based on her gender.

The Post Office denies Ms. Bell's allegations.  The Post Office asserts that any complaints Ms. Bell made were promptly and reasonably investigated by management.  The Post Office also asserts that during the relevant time period Ms. Bell displayed abrupt behavioral changes and antagonized other coworkers.  The Post Office also asserts that Ms. Bell falsely accused her coworkers of making disparaging statements about her.

It is your responsibility to decide whether Ms. Bell has proven her claims by a preponderance of the evidence.

<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 2</u>

<u>THE PARTIES</u>

The plaintiff in this case is Candy Bell.  The defendant is John Potter.  Mr. Potter is the Postmaster General of the United States.  Mr. Potter has been named as the defendant in this case only in his official capacity as the Postmaster of the United States.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 3

### Burden of Proof

In a civil case such as this, the plaintiff, Candy Bell, has the burden of proving each and every element of her claim by a preponderance of the evidence.  I will explain in a moment the essential elements that Ms. Bell must prove in this lawsuit.  If you find that any one of the elements has not been proven by a preponderance of the evidence, you must return a verdict for the defendant on that claim.

What does "preponderance of the evidence" mean?  To establish something by a "preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, Ms. Bell has the burden of introducing evidence with sufficient convincing force to persuade you that each of the essential elements of her claim is more likely true than not true.

If Ms. Bell has failed to establish by a preponderance of the evidence any one of the necessary elements or facts which she must prove in order to sustain her claim, then it will be your sworn duty to return a verdict for the defendant.  If the plaintiff fails to prove even one of the necessary elements of her claim, then she will have failed to prove her case, and you must return a verdict for the defendant on that claim.

### Authority

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 101.41 (5th. ed.).

DEFENDANT'S PROPOSED INSTRUCTION NO. 4

EVIDENCE

Unless you are otherwise instructed, the evidence from which you are to decide the facts consists of:  (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which both sides have agreed or stipulated.   This is the only evidence that you should consider in reaching your verdict.

Authority

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 101.40 (5th. ed.).

DEFENDANT'S PROPOSED INSTRUCTION NO. 5

WHAT IS NOT EVIDENCE

Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  Nor should you give any weight to the questions asked by the lawyers.  Questions are not evidence; the evidence is to be found in the answers given by the witnesses.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

5.      Under our system of law, anyone can file papers in court to allege and claim anything they want against others.  A complaint, however, is not evidence.

When the plaintiff filed her complaint in the present case, she undertook the burden to prove what she alleged.  The mere fact that Ms. Bell alleged or stated a claim is not proof that what she claims is true.


Authority

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 101.44 (5th. ed.).

DEFENDANT'S PROPOSED INSTRUCTION NO. 6

<u>INFERENCES DEFINED--PRESUMPTION OF REGULARITY--ORDINARY</u>
<u>COURSE OF BUSINESS--OBEDIENCE TO LAW</u>

I have instructed you that you are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions that reason and common sense lead you to draw from facts that have been established by the evidence in the case.

The law presumes that a certain state of affairs is true. Because of the law's presumption, unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that the ordinary course of employment has been followed; and that the law has been obeyed.

<u>Authority</u>

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 104.20, 104.21 (5th. ed.).

<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 7</u>

<u>CREDIBILITY OF WITNESSES</u>

In deciding what the facts are, you must consider all the evidence.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You may disbelieve all or any part of any witness's testimony.  In making that decision, you may take into account a number of factors including the following:

1.  Was the witness able to see, or hear, or know the things about which that witness testified?

2.  How well was the witness able to recall and describe those things?

3.  What was the witness's manner or demeanor while testifying?

4.  Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5.  How reasonable was the witness's testimony considered in light of all the evidence in the case?

6.  Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things.  You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.  Similarly, inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

<u>Authorities</u>

  <u>United States v. Ovimette</u>, 798 F.2d 47, 49 (2d Cir. 1986); O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 101.43 (5th. ed.).

DEFENDANT'S PROPOSED INSTRUCTION NO. 8

IMPEACHMENT--INCONSISTENT STATEMENTS OR CONDUCT

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 105.04 (5th. ed.).

DEFENDANT'S PROPOSED  INSTRUCTION NO. 9

HARASSMENT BASED ON GENDER

Ms. Bell claims that her treatment on diverse dates in 2001 created a hostile work environment based on her gender.  To prevail on a claim of hostile environment based on her gender, Ms. Bell must likewise establish that offensive, gender-based conduct was severe and pervasive enough to create an objectively hostile or abusive work environment, that is, an environment that a reasonable person would find hostile or abusive.

Authorities

Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993);  Lattimore v. Polaroid Corp., 99 F.3d 456, 463 (1st Cir. 1996);  White v. N.H. Dept. of Corrections, 221 F.3d 254, 259-260 (1st Cir. 2000)

11

DEFENDANT'S PROPOSED INSTRUCTION NO.10

<u>HOSTILE ENVIRONMENT – TITLE VII IS NOT A GENERAL CIVILITY CODE</u>

Title VII is not a general "civility code."  Nor does it prohibit all verbal or physical harassment in the workplace.  Title VII is directed at discrimination because of one's sex. Workplace harassment is not automatically discrimination because of sex merely because the words used might have sexual connotation.

Actionable harassment must be based on conduct that is so extreme it alters the terms or conditions of employment.  The sporadic use of abusive language or gender-related jokes is not covered by Title VII.  A plaintiff claiming sexual harassment based on a hostile environment under Title VII, the conduct must go beyond the merely offensive.

<u>Authorities</u>

<u>Oncale v. Sundowner Offshore Services, Inc.</u>, 523 U.S. 75, 80 (1998); <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 787-88 (1998);  <u>Derosiers v. Great Atlantic & Pacific Tea Co., Inc.</u>, 885 F. Supp. 308, 313 (D. Mass. 1995);  <u>Bolden v. PRC Inc.</u>,  43 F.3d 545, 551 (10th Cir. 1994) <u>rehearing denied</u>, <u>certiorari denied</u>, 516 U.S. 826; <u>Hernandez-Loring v. Universidad Metropolitana</u>, 233 F.3d 49, 56 (1st Cir. 2000).

DEFENDANT'S PROPOSED INSTRUCTION NO. 11

HOSTILE ENVIRONMENT – CONSIDER ALL CIRCUMSTANCES


To determine whether an environment is sufficiently hostile or abusive for Ms. Bell to prevail on her claim, you should consider all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interfered with Ms. Bell's work performance.


Authorities

Harris v. Forklift Systems, 510 U.S. 17, 23 (1993); White v. N.H. Dept. of Corrections, 221 F.3d 254, 259 (1st Cir. 2000).

DEFENDANT'S PROPOSED INSTRUCTION NO. 12

SEXUAL HARASSMENT – VICARIOUS LIABILITY


An employer is not automatically liable for harassment by its employees, whether co-workers or supervisors.  Even if you find that the plaintiff was the victim of sexual harassment, you cannot find that the Post Office is liable unless the plaintiff has established a basis for it to be held liable for the actions of its employees.

If you find that plaintiff's co-workers were responsible for sexual harassment, then in order to hold the Post Office liable you must first find that the Post Office knew or had reason to know of the harassment and that it failed to implement prompt and appropriate corrective action.  If you find that managers at the Post Office made a prompt, reasonable inquiry and took appropriate action in response to plaintiff's complaints, then you cannot find the Post Office liable for the actions of plaintiff's co-workers.



Authorities

Burlington Industries, Inc., v. Ellerth, 524 U.S. 742 (1998); White v. New Hampshire Dept. of Corrections, 221 F.3d 254  (1st Cir. 2000); Horney v. Westfield Gage Co., 95 F. Supp. 2d 29, 34 (D. Mass. 2000) (and cases cited).



16



DEFENDANT'S PROPOSED INSTRUCTION NO. 13

## MEDICAL RECORDS - BELL'S STATEMENTS TO DOCTORS DO NOT CARRY WEIGHT OF A MEDICAL JUDGMENT OR DIAGNOSIS

In some instances doctors and other medical professionals have written down in their medical records the plaintiff's statements about her perceived medical condition and symptoms. You may only consider these statements as evidence that Bell related certain matters to her doctors.

### Authority

Petrocelli v. Gallison, 679 F.2d 286, 292 (1st Cir. 1982); McCormick on Evidence § 277 at 234 (5th ed. 1995)

DEFENDANT'S PROPOSED INSTRUCTION NO. 14

DAMAGES--GENERAL INSTRUCTIONS

If you find that Ms. Bell has established each and every part of either her discrimination claim by a preponderance of the evidence, then you must compute the damages to which she is entitled from the defendant.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether Ms. Bell is entitled to recover anything. Instructions as to the measure of damages are given to you for your guidance in the event that you find from the evidence in favor of the plaintiff on the question of liability. In other words, you never reach the issue of damages if you find that the defendant did not discriminate against Ms. Bell.

Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

Authorities

Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, §§74.02, 85.14 (4th. ed.).

17

DEFENDANT'S PROPOSED INSTRUCTION NO. 15

ACTUAL DAMAGES

The purpose of awarding money damages to a plaintiff who has established the liability of a defendant is to compensate the plaintiff for injuries actually experienced that flowed as a direct and natural consequence of those acts.  Therefore, you may not award damages to Ms. Bell unless she has proved by a preponderance of the evidence that she sustained actual injury[1] and that such injury was proximately caused by unlawful discrimination committed against her.  Harm to Ms. Bell that did not result from unlawful discrimination against her does not entitle the plaintiff to money damages.

By the same token, conduct by the USPS did not cause harm to Ms. Bell does not entitle her to money damages, even if the conduct was illegal or may have caused harm to someone else.  Damages may not be awarded based on your subjective perception of the abstract value or importance of the rights that Ms. Bell's claims were violated,[2] or be based on sympathy, speculation or guesswork.

The law also does not permit you to award any punitive damages in this case.  Thus, you may not base any monetary award on a desire to punish the defendant, to prevent any unlawful discrimination from being repeated in the future, or to warn other employers not to engage in unlawful discrimination.  Rather, any monetary award that you make must be calculated solely to provide fair compensation to Ms. Bell for her actual injuries (if any) caused by unlawful

---

[1] Memphis Comm. Schools v. Stachura, 477 U.S. 299, 308 (1986).

[2] Id. at 310.

19

discrimination committed against her, and on no other basis.[3]

---

[3] E.g., <u>Beth v. Espy</u>, 854 F. Supp. 735 (D. Kan. 1994) (no punitive damages against government under Title VII); <u>Erickson v. Hunter</u>, 932 F. Supp. 1380 (M.D. Fla. 1996) (same); <u>Smith v. Office of Personnel Management</u>, 778 F.2d 258 (5th Cir. 1985); (no liquidated damages against federal government under Age Discrimination in Employment Act); <u>Chambers v. Weinberger</u>, 591 F. Supp. 1554 (N.D. Ga. 1984) (same).

DEFENDANT'S PROPOSED INSTRUCTION NO. 16

PROXIMATE CAUSE

An injury or damages is proximately caused by an act whenever it appears from the

evidence in the case that the act played a substantial part in bringing about or actually causing the

injury or damage, and that the injury or damage was either a direct result or a reasonably probable

consequence of the act.

Authorities

Carey v. Piphus, 435 U.S. 247, 264 (1978); Devitt, Blackmar & Wolff § 80.18 (4th ed.);
Wood v. Strickland, 420 U.S. 308, 319 (1975); Modern Federal Jury Instruction § 87.03, 87-178
(1992).

DEFENDANT'S PROPOSED INSTRUCTION NO. 17

DAMAGES: COMPUTATION OF AMOUNT

If you find that Ms. Bell suffered actual injuries as a proximate result of either discriminatory acts committed against her by the defendant, you must then fix the amount of money that will reasonably and fairly compensate her for such injuries.

In calculating any damages, you should <u>not</u> include any amounts for salary or job-related benefits that Ms. Bell may have lost. The award of those items of damages is the Court's responsibility to determine, not yours. Accordingly, should you find the defendant liable, I will calculate and decide those amounts separately.[4]

The only potential injuries that you are permitted to consider and for which you may award reasonable compensation are emotional distress injuries, such as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life. In order to award damages for such injuries, however, you must find that the injuries were caused by the defendant's alleged discriminatory acts against Ms. Bell.

<u>Authorities</u>

<u>Perez v. Rodrigues Bou</u>, 575 F.2d 21, 25 (1st Cir. 1978); Devitt, Blackmar & Wolff §§ 85.01, 85.02, 85.04.

---

[4] Section 102(b)(2) of the Civil Rights Act of 1991 excludes from compensatory damages to be awarded by a jury "backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964." 42 U.S.C. § 1981a(b)(2); <u>see</u> <u>also</u> <u>Allison v. Citgo Petroleum Corp.</u>, 151 F.3d 402, 423 n.19 (5th Cir. 1998) ("[T]he right to a jury trial provided by [42 U.S.C.] section 1981a(c) does not include the power to determine the availability of back pay or front pay. . . . These are equitable remedies to which no right to jury trial attaches."); <u>McCue v. State of Kansas</u>, 165 F.3d 784, 792 (10th Cir. 1999) ("Damages awarded under section 2000e-5(g) are equitable relief to be determined by the court, while damages awarded under section 1981a are legal damages that may be submitted to a jury."). A more thorough discussion of this issue is contained in Defendant's Trial Brief at pp. 11-12.

DEFENDANT'S PROPOSED INSTRUCTION NO. 18

VERDICT -- UNANIMOUS -- DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Authority

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.01 (5th. ed.).

23

### SPECIAL VERDICT FORM

1.      Do you find by a preponderance of the evidence that plaintiff was discriminated against on the basis of her gender when on diverse dates she alleged that her co-workers harassed her based on her gender?

_____ YES                    _____ NO

*[If you answer Questions 1 "No," stop here, have the foreperson sign this Special Verdict Form and return it to the Court as the verdict of the jury.  Otherwise, proceed to the next question.]*

2.      Do you find by a preponderance of the evidence that the management of the Postal Service knew or had reason to know of the harassment <u>and</u> failed to implement prompt, reasonable inquiry and took appropriate action in response to Ms. Bell's complaints.

_____ YES                    _____ NO

*[If you answer Questions 2 "No," stop here, have the foreperson sign this Special Verdict Form and return it to the Court as the verdict of the jury.  Otherwise, proceed to the next question.]*

3.      Do you find by a preponderance of the evidence that Ms. Bell suffered any emotional pain, suffering, inconvenience, mental anguish or loss of enjoyment of life as a proximate result of any discriminatory or retaliatory acts that the Post Office committed against her?

_____ YES                    _____ NO

*[If you answer Question 3 "No," stop here, have the foreperson sign this Special Verdict Form and return it to the Court as the verdict of the jury.  Otherwise, proceed to the next question.]*

24

4.      What sum of money, if any, will fairly and reasonably compensate Ms. Bell for any

emotional pain, suffering, inconvenience, mental anguish or loss of enjoyment of life that

she suffered as a proximate result of any discriminatory acts that the Post Office committed

against her?   (The Court will determine any damages based on lost salary and benefits.)


        $ _____

[If you do not award monetary damages, mark the blank with a zero.]



Date: _____          _____

                           Signature of Foreperson

25

Respectfully Submitted,

JOHN E. POTTER, Postmaster General

By his attorneys,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Rayford A. Farquhar
     Rayford A. Farquhar
     Rachael Splaine Rollins
     Assistant U.S. Attorneys
     1 Courthouse Way. Suite 9200
     Boston, MA  02210
     (617) 748-3284

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 3, 2008.

/s/ Rayford A. Farquhar
Rayford A. Farquhar
Assistant U.S. Attorney

26