UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-11485

CANDY BELL
(Plaintiff)

v

JOHN E. POTTER, In his Capacity as Postmaster
General of the United States of America
(Defendant)

)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS PURSUANT TO RULE 37(B) (2)

Now comes Candy Bell. Plaintiff in the above captioned matter, and respectfully moves that this Honorable Court deny defendant's motion to dismiss pursuant to Rule 37 (b)(2)(c) of the Federal Rules of Civil Procedure.

As grounds, counsel for plaintiff states a dismissal would be an abuse of discretion given the totality of facts and circumstance related to the action and the alleged transgression of plaintiff.

## Background

Candy Bell commenced her employment with the United States Postal Service in 1988. The employer employee relation continues until the present time. In 1997 Ms. Bell initiated filed a complaint against the Service for harassment. This complaint resulted in a civil action in this court that was filed on January 11, 2000. This civil action did not end until 2003.

The facts relative to the instant action occurred in 2001 during the pendency of the first action. As the actions involved a federal employee, it was necessary to follow protocol established by law (29CFR 1614.108(f) and (g)). A jurisdictional requirement of each action is that the Equal Employment Opportunity Commission be granted an opportunity to investigate the facts related to the charge to allow the agency involved an opportunity to consider the findings of the investigation to determine whether to accept liability.

At the time the facts in connection with the instant case occurred, the work of the EEOC in connection with the first case was done.

At the time the facts and circumstances in connection with the second case occurred Ms. Bell was in treatment for matters in connection with the first case. No additional treatment was undertaken, there was not an assertion that her prior condition was aggravated and there was no attempt to

differentiate the stress related to first incident relative to the stress of the second incident. Significant in this respect is the fact that the EEOC investigation of the second case commenced in June 2001 and did not conclude until April 2005, well after the conclusion of the first case.

The instant case was filed in July of 2005. At this point the prior case had ended as had treatment in connection with that case.

There was a Scheduling Conference held on November 14, 2005. At that time the following schedule was adopted:

  a. Automatic discovery statements and discovery shall be served on or before December 30, 2005;
  b. All interrogatories and request for production of documents shall be served by May 31, 2006
  c. Any Amendments pursuant to Fed. R. Civ. P. 15 shall be made by March 1, 2006;
  d. All depositions shall be completed by August 31, 2006; and
  e. A final pretrial conference shall be scheduled after decisions are rendered on a motion for summary judgment.

There was no communication from defendant relative to discovery until late September 2006 when a deposition of Ms. Bell was requested. The deposition started on October 6, 2006 but was suspended when counsel for

3

Potter *sua sponte* indicated that he needed discovery. He stated that he would send interrogatories and a request for production of documents. At this time counsel for defendant did not request a modification of the scheduling order nor did he file a motion that sought to modify or change the time limits pursuant to the Scheduling Conference. Moreover, and more important, defense counsel did not receive permission from the court to alter the schedule as required by local Rule 16(b). "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."

In the spring of 2007, defense counsel called and indicated the court wanted to know what was going on with the case. At that point he requested an extension with respect to the filing of dispositive motions. I agreed to extend the time period.

At this time he requested that I submit responses to discovery. I agreed to provide tax returns. Defense counsel suggested that my client execute a medical release for her medical records and this would satisfy the medical questions propounded in the request for production and the interrogatories. I agreed to provide the release under the condition that I am provided a copy of all records secured. A release was signed and provided to defense counsel.

Defense counsel did not contact plaintiff until he sought a dismissal in the fall of 2007 because he alleged plaintiff failed to respond to his inappropriately filed discovery request. This motion was denied.

Again, on the eve of trial, a request to dismiss has been filed as a result of discovery concerns.

## ANALYSIS

If defense counsel was unaware of the prior case of Ms. Bell which was reported and was handled by defense counsel's office, it was not due to any action on the part of plaintiff. Indeed defense counsel's true state of knowledge is betrayed in his Rule 56.1 statement of facts and his exhibits attached to the motion for summary judgment which refer to Ms. Bell's psychological profile.

The circumstance specified in this motion is not an emergency in the sense that it was an unforeseen event or condition requiring prompt action. This situation is more akin to inaction on the part of defense counsel. Ms. Bell's psychological profile was available to defense counsel's office as early as 2000. The entire discovery period was allowed to lapse without any effort to discover her condition or explore the same.

At bottom, this request for dismissal calls upon the court to forgive

5

defendant's failure to follow the scheduling order and sanction plaintiff for procedural issues created after the right to discovery had lapsed.

"Dismissal with prejudice along with contempt, are the most severe penalties that may be ordered against a party." *Benitez-Garcia v Gonzalez-Vega* 468 F.3d 1, 4 (1st Cir. 2006). [Courts] reserve dismissal with prejudice for egregious misconduct that is measured by considering all aspects of the case, including "'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" *Benitez* at 5. In this case defendant has not demonstrated plaintiff's actions qualify for dismissal.

In addition, procedural fairness mandates that the plaintiff be afforded an opportunity to explain her noncompliance or to advocate for a lesser sanction. It is urged that sanctions are not warranted in this circumstance. In fact, given the circumstances of this case, sanctions against defendant may be in order.

The cases cited by defendant, *Torres- Vargus v Pereira*, 431 F. 3d 389 and *Tower-Ventures, Inc. v City of Westfield* 296 F3d 43 correctly outline the parameters with respect to sanctions, however factually each is radically

6

different from the facts in this case. In *Torres-Vargus* plaintiff continuously delayed the progress of the case and failed to follow court directives. For example, plaintiff requested numerous extensions to serve process (seven months) and continued hearings to dismiss and other transgressions not found in this case. In *Tower Ventures*, the court ordered a show cause hearing to determine the issue of sanctions.

In assessing whether the ultimate sanction of dismissal is warranted, the court must construct a balance of the relevant factors including the need to manage its docket, the potential prejudice to parties and the policy of law favoring disposition on the merits. On balance, this motion to dismiss should be denied.

Respectfully submitted

James E. Small, Jr.
P. O. Box 190024
Roxbury, MA 02119
(617) 427-3147
BBO 467220